## WONG YOU HENN v. BROWNELL, Atty. Gen.

### No. 11505.

United States Court of Appeals District of Columbia Circuit.

Argued May 18, 1953.

Decided July 9, 1953.

Mr. Warner H. Parker, Washington, D. C., with whom Mrs. Wen-Yuan Lee, Washington, D. C., was on the brief, for appellant.

Mr. Paul F. Leonard, Asst. U. S. Atty., Washington, D. C., with whom Mr. Charles M. Irelan, U .S. Atty. at the time the brief was filed, Washington, D. C., and Messrs. Ross O'Donoghue and William R. Glendon, Asst. U. S. Attys. at the time of argument, Washington, D. C., were on the brief, for appellee.

Mr. Leo A. Rover, U. S. Atty., and Mr. Joseph M. Howard, Asst. U. S. Atty. at the time the record was filed, Washington, D. C., also entered appearances for appellee.

Before WILBUR K. MILLER, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment of the District Court upon a complaint brought for a declaratory judgment to establish citizenship. Appellant, Wong You Henn, brought the complaint. He alleged that he is the son of Wong Wing, who is an American citizen and resided in the United States prior to the plaintiff's birth, and that plaintiff was born in China September 2, 1921. Wong Wing was admitted into the United States on May 26, 1921.

Upon the trial the questions were whether the plaintiff is the son of Wong

Wing and whether Wong Wing resided in the United States prior to plaintiff's birth.

The statute [1] provided that all children born out of the limits of the United States whose fathers were at the time of their births citizens thereof, are citizens of the United States. The Supreme Court held [2] that citizenship attaches only when the father has resided in the United States before the birth of the child.

Plaintiff presented the evidence of himself and Wong Wing, the latter testifying that he had never seen the plaintiff until he arrived in the United States in 1949. Plaintiff relied principally upon a letter in Chinese, purportedly written on January 30, 1922, by the wife of Wong Wing, notifying him of the birth of a son named You Henn on September 2, 1921. The defendant offered the testimony of two brothers of Wong Wing given at the time of their arrival in this country in 1923. They said that the wife of Wong Wing had only two children, a son born before Wong Wing came to this country and a daughter who died. Thus there was a flat contradiction in the evidence.

 Appellant urges as error the admission of the testimony of the brothers. We think it comes within the "pedigree exception" [3] to the hearsay rule, the brothers being dead and the other requisites being established. But even apart from that we think the conclusion of the trial court upon the plaintiff's evidence alone was not erroneous.

 Appellant also urges as error a reference by the trial court to an unfavorable inference to be drawn from the failure of the plaintiff to take certain depositions in Hong Kong. The purported letter from Wong Wing's wife and the testimony of the plaintiff and of Wong Wing were to the effect that Wong You Henn had been placed at an early age by his mother in the custody of certain named people in Hong Kong. At pre-trial plaintiff's counsel announced his intention of taking the depositions of those people and was given nearly three months' time to do so. He did not take them, and upon the trial the trial judge suggested the value of such evidence and offered a suitable continuance for the purpose. The offer was declined. We think an unfavorable inference was unavoidable.

 The court concluded that the plaintiff had failed to establish that he is a child of Wong Wing born after his father took up residence in the United States. This determination was a finding on the facts, and we do not find it to be erroneous.

Affirmed.

1. R.S. § 1993, as amended, 8 U.S.C.A. § 713 (1942) [repealed June 27, 1952, 66 Stat. 280, and now covered by 8 U.S.C.A. § 1401 et seq.]

2. Weedin v. Chin Bow, 1927, 274 U.S. 657, 47 S.Ct. 772, 71 L.Ed. 1284.

3. 5 Wigmore, Evidence § 1495 (3d ed. 1940).