**FONG NAI SUN**

v.

**DULLES, United States Secretary
of State et al.**

**No. 13417.**

United States District Court,
S. D. California, Central Division.

July 13, 1953.

**392**

Brennan & Cornell, Los Angeles, Cal., for plaintiff.

Walter S. Binns, U. S. Atty., Clyde C. Downing and Robert K. Grean, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

Plaintiff has filed a petition, pursuant to Title 8, § 903, U.S.C.A.,[1] asking this court to declare him to be a national of the United States and entitled to the rights and privileges of a citizen thereof. To plaintiff's petition the Secretary of State filed an answer in which, as a further and separate defense, it was alleged the petition failed to state a claim upon which relief could be granted.

The matter came on regularly for trial before this court, and plaintiff testified that he is the son of Fong Kwok Way, a resident of Los Angeles, California; that Fong Kwok Way is a citizen of the United States and as such citizen had married Hom Soong Choon on November 6, 1924, in China; that plaintiff is the lawful issue of said marriage, that he was born at Song Yuen Village, Hoiping District, Kwangtung, China, on May 17, 1935. Plaintiff further testified that he went to Hong Kong, China, approximately twenty days prior to May 7, 1951, for the purpose of making application for a passport to travel to the United States as the son of an American citizen.

On May 7, 1951, plaintiff went to the office of the Consulate General in Hong Kong and filed his application for passport. On May 9, 1951, his application was denied. Thereafter, on August 28, 1951, plaintiff filed this action pursuant to § 903, Title 8, U.S.C.A., alleging that he had been denied a right or privilege as a national of the United States of America.

By the procedure established in this court for trial of such cases, the United States Attorney reserves cross-examination of all witnesses until after all plaintiff's witnesses have testified. As a general rule the government has no direct, positive evidence to controvert the claims of citizenship and must rely on the testimony produced by plaintiff.

During the trial herein the State Department's file for Fong Nai Sun was introduced in evidence. When plaintiff announced he had no further testimony, the government (without exercising or waiving its right of cross-examination) moved the court to dismiss the complaint upon the ground it appeared plaintiff could not comply with the residential requirements of the statute and it did not appear from the testimony adduced that plaintiff had been denied any right or privilege of a national of the United States.

The testimony disclosed plaintiff was born May 17, 1935; that at the time of making application for a passport on May 7, 1951, he lacked ten days of being sixteen years of age. His application was rejected on May 9, 1951—eight days prior to his sixteenth birthday. In his petition plaintiff alleges that had the American Consulate General at Hong Kong issued to him the necessary travel document as applied for, he could have entered the United States prior to his sixteenth birthday, as required under the Nationality Act of May 24, 1934, 48 Stat. 797.

The Act of Oct. 14, 1940, provides in part as follows:

"§ 601. Persons born nationals and citizens

"The following shall be nationals and citizens of the United States at birth:

\*   \*   \*   \*   \*   \*

"(g) A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States \* \* \* at least five of which were after attaining the age of sixteen years, the other being an alien: Provided, That, in order

1. Now Immigration and Nationality Act of 1952, § 360, 8 U.S.C.A. § 1503.

to retain such citizenship, the child must reside in the United States or its outlying possessions for a period or periods totaling five years between the ages of thirteen and twenty-one years: Provided further, That, if the child has not taken up a residence in the United States or its outlying possessions by the time he reaches the age of sixteen years, or if he resides abroad for such a time that it becomes impossible for him to complete the five years' residence in the United States or its outlying possessions before reaching the age of twenty-one years, his American citizenship shall thereupon cease.

\* \* \* \* \* \*

"(h) The foregoing provisions of subsection (g) concerning retention of citizenship shall apply to a child born abroad subsequent to May 24, 1934."

■ A citizen of the United States may lose his rights of citizenship. In the Act of Oct. 14, 1940, Congress specifically provided that the foreign-born child of an American citizen must take up residence in the United States or in one of its outlying possessions by the time he reaches the age of sixteen years. If he does not "his American citizenship shall thereupon cease." The statute does not make any exception.

From the testimony before the court it appears it will be impossible for plaintiff herein to comply with subsection (g) of § 601, U.S.C.A. Title 8,[2] as he did not take up residence in the United States until after he had reached his sixteenth birthday.

■ There is, however, a more important matter presented to the court. It relates to the question of jurisdiction. Section 903, Title 8, U.S.C.A., provides:

"If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States."

For this court to have jurisdiction under the above statute it must appear that plaintiff herein has been denied a right or privilege enjoyed by a national of the United States.

"It is settled that, when a person attempts to enter this country through the official immigration channels, and claims the right to enter on the ground that he is an American citizen, he is not entitled to have his claim determined in a judicial proceeding, \* \* \*." United States ex rel. Jew Lee v. Brough, D.C., 16 F.2d 492, 493, affirmed United States ex rel. Wohlstatter v. Brough, 2 Cir., 20 F.2d 1023, certiorari denied Wohlstatter v. Brough, 275 U.S. 559, 48 S.Ct. 119, 72 L.Ed. 425.

However, Congress has determined that if the applicant had been denied a right or privilege on the ground he was not a national of the United States, the Federal Court would have jurisdiction to hear and determine the matter. But if the Federal Court is to have jurisdiction, it must appear the rights or privileges denied were refused upon the sole ground that the applicant was not a national of the United States.

On May 7, 1951, plaintiff went to the Consulate General's office in Hong Kong and filed application for a passport.

2. Now Immigration and Nationality Act of 1952, § 301, 8 U.S.C.A. § 1401.

This he could do as the son of an American national. Plaintiff does not complain he was not permitted to file for a passport or other travel document. His complaint is that the application was denied.

█ Citizens do not have an absolute right to demand and receive a passport. One may be a citizen of this country and yet, for various reasons, may be denied the right to travel. Those who wish a passport must file written application therefor. The name, place of birth and age must be given; the applicant must give his present residence address. He must also give the place of his legal residence, the name of his father, the birth date of his father; the name and birth date of his mother and must furnish information as to whether his parents are living or dead. He must take an oath that he is not a naturalized citizen of a foreign state, nor made an affirmation or other formal declaration of allegiance to a foreign state; entered, or served in, the armed forces of a foreign state; accepted or performed the duties of any office, post, or employment under the government of a foreign state or political subdivision thereof; voted in a political election in a foreign state or participated in an election or plebiscite to determine the sovereignty over foreign territory; made a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state; been convicted by court martial of deserting the military or naval service of the United States in time of war, or of committing any act of treason against or of attempting by force to overthrow, or of bearing arms against the United States.

In addition, it is necessary that applicant furnish a photograph of certain size and dimension, and he must produce an identifying witness who can testify that he has known applicant and knows that he is a citizen of the United States.

When plaintiff appeared in the Consul General's office at Hong Kong he failed to establish to the satisfaction of the examination officer his claim of citizenship. He did not produce an identifying witness. All that he did was go to the office, give his name and address, the names of his father and mother, the residence of the father and the fact that his mother was deceased. Upon his unsupported claim that he was the son of an American citizen father he demanded the passport in question.

The opinion of the Consulate General's office, which is part of the file introduced in evidence, calls attention to the complete lack of evidence in the case. The file discloses that plaintiff's passport application was not denied upon the ground that application was not made by a national of the United States. It was rejected because applicant offered no evidence that he was the son of an American citizen.

█ Denial of an application for passport upon the ground that applicant is not a national of the United States is an entirely different matter from denial upon lack of proof that applicant is a national. When such application is made, the burden is upon the applicant to comply with rules and regulations as set forth by Congress or the Immigration Service. In the case at bar it is not incumbent upon the government to prove applicant was not the son of a United States citizen, but it was necessary that applicant prove he had the status he alleged in the passport application—as son of a United States citizen.

At the trial, when plaintiff declared he had no more testimony to present, the United States Attorney, without cross-examination of any witnesses and without waiving any of his rights to cross-examine, moved the court to dismiss the complaint upon the ground the evidence failed to establish a claim upon which relief could be granted.

█ The evidence in this case certainly discloses that denial of passport or travel document was not based upon the ground plaintiff was not a national of the United States. Hence plaintiff

cannot bring himself within Section 903, Title 8, U.S.C.A.

The motion of the government must be granted. Such is the order. Counsel for defendant will prepare an order in conformity herewith for presentation to the court on or before July 24, 1953.