**ELIAS**

v.

**DULLES, Secretary of State.**

No. 4788.

United States Court of Appeals, First Circuit.

March 17, 1954.

William J. George, Pawtucket, R. I., for appellant.

Jacob S. Temkin, U. S. Atty., Providence, R. I., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal brought by the plaintiff from a judgment entered in the United States District Court for the District of Rhode Island, declaring the plaintiff not to be a national of the United States. The plaintiff instituted the action against Dean Acheson, Secretary of State of the United States, for whom John Foster Dulles was substituted as defendant, by filing a "Petition To Establish Citizenship" pursuant to the provisions of Sec. 503 of the Nationality Act of 1940.[1] The allegations of the petition which are material on this appeal state that on June 18, 1912, Steve Elias was born in the City of Woonsocket, County of Providence and State of Rhode Island, at 240 River Street; that in November, 1912 he accompanied his parents to Syria; that subsequent to November, 1912 and until the filing of the petition he has resided in Syria; that he claims a right and/or privilege as a national of the United States; and that he was denied such right and/or privilege by the Department of State of the United States upon the ground that he was not a national of the United States. The defendant's amended answer neither admits nor denies that the plaintiff was born on June 18, 1912, in Woonsocket, Rhode Island. After hearing the matter on the pleadings, oral testimony, documentary evidence, and briefs of counsel, the district court found that the plaintiff had not sustained the burden of proving that he was born in the United

1. "Sec. 503. If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. * * *" 54 Stat. 1171 (1940), 8 U.S.C. § 903 (1946), now Immigration and Nationality Act, 1952, 8 U.S.C.A. § 1503.

States. The sole question on this appeal is whether or not this finding is "clearly erroneous". Fed.Rules Civ.Proc. rule 52 (a), 28 U.S.C.A.[2]

The plaintiff endeavored to substantiate the allegations of his petition by introducing in evidence a birth record kept by the City Clerk of Woonsocket. This record shows that a female child named "Stella Elias" was born in that city on June 18, 1912. The name "Stella" and "Fem", however, are crossed out in the record, and "Steve" and "Male" are inserted in their place. A notation at the top of the record states that the record was changed on the basis of a baptismal certificate presented to the City Clerk on December 16, 1946. The plaintiff contends that the original entries of "Stella" and "Fem" were mistakes, and that the entries should have been "Steve" and "Male". To sustain this contention, the plaintiff introduced evidence which tended to show that errors in the Woonsocket birth records were quite common in the early part of the century. He argues that the city was then inhabited by many immigrants who were very ignorant of the English language, and thus it is no great surprise to find the mistaken entry of "Stella" instead of "Steve" in the birth record.

The plaintiff has the burden of proving his American birth, Flynn ex rel. Yee Suey v. Ward, 1 Cir., 1939, 104 F.2d 900; Bauer v. Clark, 7 Cir., 1947, 161 F.2d 397, certiorari denied, 1947, 332 U.S. 839, 68 S.Ct. 210, 92 L.Ed. 411; Pandolfo v. Acheson, 2 Cir., 1953, 202 F.2d 38, and obviously the district court was not clearly erroneous in finding that the plaintiff did not sustain that burden by relying on mistakes and errors in the birth record to establish his claim of American birth.

The birth record tends to support plaintiff's claim only by virtue of the alteration of the entry, "Stella" to that of "Steve". This alteration was brought about by a baptismal certificate secured through the efforts of George Elias, brother of the plaintiff. He testified that in 1946 he located in Brooklyn, New York, the Rev. John A. Kirshy, who forty years ago was the only priest of appellant's religion within four hundred miles of Woonsocket, R. I. In 1946 the Rev. Kirshy signed and delivered to George Elias a "Certificate of Baptism" which stated that Steve Elias was born at Woonsocket on June 18, 1912. George Elias testified that he furnished the Rev. Kirshy with the date specified in the certificate. Apparently all the other information contained in the certificate was likewise furnished by George Elias because he further testified that the Rev. Kirshy kept no records. Rev. Kirshy did not testify nor was his deposition taken. Thus the certificate signed by him was not made in the regular course of his calling. Also it was made about thirty-four years after the event to which it related and was based on information supplied by the plaintiff's brother. The district court, therefore, was amply justified in concluding that the circumstances which brought about the alteration in the birth record detract considerably from the value of that record as evidence in support of plaintiff's claim of American birth.

Furthermore, the defendant presented in evidence a certified copy of the death record of a "Razala Elias". This record stated that Razala Elias, a female, died on August 16, 1912, at the age of one month. The residence, sex, father's and mother's names, parents' birthplace and physician are the same in the "Stella Elias" birth record and the "Razala Elias" death record. On the basis of these two records there was sufficient evidence for the district court's conclusion that the child born on June 18, 1912, was not the plaintiff, but was a female child who died on August 16, 1912.

The plaintiff also introduced in evidence oral testimony which tended to

---

2. "Rule 52. Findings by the Court
   "(a) Effect. * * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"

support his claim of American birth. In view of the evidence which we have already mentioned and all the other evidence in the record, we do not believe that the district court was clearly erroneous in finding that this testimony was insufficient to support plaintiff's claim. See Quock Ting v. United States, 1891, 140 U.S. 417, 11 S.Ct. 733, 35 L.Ed. 501; Albert ex rel. Buice v. Patterson, 1 Cir., 1946, 155 F.2d 429, certiorari denied 1946, 329 U.S. 739, 67 S.Ct. 83, 91 L.Ed. 638; Zimmer v. Acheson, 10 Cir., 1951, 191 F.2d 209.

The judgment of the District Court is affirmed.