Angel **VIDALES**, also known as Angel Vidales-Galvan, Appellant,

v.

Herbert **BROWNELL**, Jr., as Attorney General of the United States, Appellee.

No. 14076.

United States Court of Appeals Ninth Circuit.

Nov. 10, 1954.

J. Widoff, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Clyde C. Downing, Robert K. Grean, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS and ORR, Circuit Judges, and WIIG, District Judge.

MATHEWS, Circuit Judge.

On December 5, 1952, in the United States District Court for the Southern District of California, appellant, Angel Vidales, also known as Angel Vidales-Galvan, instituted an action against James P. McGranery, as Attorney General of the United States,[1] for a judg-

1. McGranery's successor, Herbert Brownell, Jr., was substituted for McGranery on July 14, 1953.

ment declaring appellant to be a national of the United States. The Attorney General answered the complaint,[2] a trial was had, findings of fact and conclusions of law were stated, and a judgment was entered adjudging that appellant was not a national of the United States. This appeal is from that judgment.

The action was under 8 U.S.C.A. § 903,[3] which provided: "If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. * * *"

The complaint alleged and the answer admitted that appellant was born in the United States. Thus, in effect, it was alleged and admitted that appellant was a national of the United States by birth.[4] However, as a defense to the action, the answer alleged that appellant had remained outside the jurisdiction of the United States in time of war, namely, from September 27, 1944, to January 15, 1946, for the purpose of evading or avoiding training and service in the land or naval forces of the United States, and had thereby expatriated himself and lost his United States nationality. That defense was based on 8 U.S.C.A. § 801(j),[5] effective September 27, 1944, which provided:

> "A person who is a national of the United States, whether by birth or naturalization, shall lose his nationality by:
>
> *   *   *   *   *   *
>
> "(j) Departing from or remaining outside of the jurisdiction of the United States in time of war or during a period declared by the President to be a period of national emergency for the purpose of evading or avoiding training and service in the land or naval forces of the United States." 58 Stat. 746.

At a pre-trial conference,[6] it was admitted and agreed that appellant was born in the United States on July 11, 1922, and that he "left the United States and went to Mexico about 1925 and remained there until about January, 1946, when he returned to the United States."

At the trial, testifying as a witness for himself, appellant admitted that he had remained in Mexico during all of 1944 and 1945. However, some of his testimony at the trial tended to show that he had not remained in Mexico for the purpose of evading or avoiding training and service in the land or naval forces of the United States. Such testimony conflicted with testimony given by him at a hearing before a board of special inquiry in 1948. On cross-examination of

2. The complaint was called a petition.

3. Section 903 was repealed by § 403(a) of the Immigration and Nationality Act, 66 Stat. 279, 280, effective December 24, 1952. However, this action, having been instituted before December 24, 1952, was not affected by the repeal. See § 405 (a) of the Immigration and Nationality Act, 66 Stat. 280, 8 U.S.C.A. § 1101 note. The subject matter of § 903 is now covered by 8 U.S.C.A. § 1503.

4. See § 1 of the Fourteenth Amendment to the Constitution of the United States.

See also 8 U.S.C.A. §§ 501(b), 601 and 1101(a), (22), 1401(a) (1).

5. Section 801(j) was repealed by § 403(a) of the Immigration and Nationality Act, 66 Stat. 279, 280, effective December 24, 1952. However, this action, having been instituted before December 24, 1952, was not affected by the repeal. See § 405(a) of the Immigration and Nationality Act, 66 Stat. 280, 8 U.S.C.A. § 1101 note. The subject matter of § 801 is now covered by 8 U.S.C.A. § 1481.

6. See Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

appellant, the conflicts were brought to his attention by reading to him, from a copy of the record of the 1948 hearing, portions of his testimony at that hearing. The copy was marked "Exhibit A" for identification. After appellant had rested, Ralph J. Lloyd, the immigrant inspector who had presided at the 1948 hearing, was called and sworn as a witness for the Attorney General and was shown Exhibit A. Lloyd thereupon testified that Exhibit A was a true copy of the record of the 1948 hearing. Thereafter, for the purpose of showing the conflicts mentioned above, Exhibit A was offered in evidence and was received in evidence without objection.

Appellant now says that the District Court "erred in receiving in evidence [Exhibit A] despite an understanding that [Exhibit A] was offered in evidence for identification only and only as to a portion thereof." The record shows no such understanding. Instead, the record shows that Exhibit A was received in the manner and for the purpose heretofore indicated by us. There was no error in so receiving it.[7]

The District Court found that appellant was born in the United States on July 11, 1922, was taken to Mexico in 1925 and remained in Mexico until January, 1946; and that appellant from and after September 27, 1944, remained outside of the jurisdiction of the United States in time of war for the purpose of evading or avoiding training and service in the land or naval forces of the United States.

The findings were supported by substantial evidence and were not clearly erroneous. We therefore accept them as correct[8] and conclude, as did the District Court, that appellant expatriated himself and lost his United States nationality—a conclusion based on § 801 (j), supra.

Appellant says that § 801(j) was unconstitutional. However, we have held that it was constitutional,[9] and we now reaffirm that holding.

Judgment affirmed.

---

7. See Gonzales v. Landon, 9 Cir., 215 F.2d 955.

8. See Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Wong You

Henn v. Brownell, 93 U.S.App.D.C. 43, 207 F.2d 226; Elias v. Dulles, 1 Cir., 211 F.2d 520.

9. Gonzales v. Landon, supra.