Herbert BROWNELL, Jr., as Attorney General of the United States, Appellant,

v.

LEE MON HONG, as guardian ad litem of Lee Gum Shilk, Appellee.

No. 13957.

United States Court of Appeals Ninth Circuit.

Nov. 24, 1954.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., Morton M. Levine, Immigration and Naturalization Service, San Francisco, Cal., for appellant.

Jackson & Hertogs, Joseph Hertogs, San Francisco, Cal., for appellees.

Before DENMAN, Chief Judge, and MATHEWS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On December 10, 1951, in the United States District Court for the Northern District of California, Lee Gum Shilk, hereafter called Shilk, by his guardian ad litem, Lee Mon Hong, instituted an action [1] against J. Howard McGrath, as Attorney General of the United States,[2] for a judgment declaring Shilk to be a national of United States. The Attorney General answered the complaint,[3] a trial was had, an opinion was filed,[4] findings of fact and conclusions of law were stated, and on April 29, 1953, a judgment was entered declaring Shilk to be a national of the United States. From that judgment this appeal was taken on June 25, 1953.

Jurisdiction of the action was conferred on the District Court by 8 U.S.C.A. § 903,[5] which provided: "If any

---

1. The evidence showed that Shilk was born on February 11, 1935, and hence was an infant when the action was instituted and at all pertinent times thereafter.

2. McGrath's successor, James P. McGranery, was substituted for McGrath on November 10, 1952. McGranery's successor, Herbert Brownell, Jr., was substituted for McGranery on March 27, 1953.

3. The complaint was called a petition.

4. Lee Mon Hong v. McGranery, D.C.N.D. Cal., D.C., 110 F.Supp. 682.

5. Section 903 was repealed by § 403(a) of the Immigration and Nationality Act, 66 Stat. 279, 280, effective December 24, 1952. However, this action, having been instituted before December 24, 1952, was not affected by the repeal. See § 405

person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. * * * "

■ Shilk was born in China and, up to the time the action was instituted, had not entered the United States. The Attorney General therefore contends that the District Court had no jurisdiction under § 903. There is no merit in this contention. See Fong Wone Jing v. Dulles, 9 Cir., 217 F.2d 138; Chow Sing v. Brownell, 9 Cir., 217 F.2d 140; Lee Wing Hong v. Dulles, 7 Cir., 214 F.2d 753.

■ The action was instituted after Shilk had applied to the Immigration and Naturalization Service for admission to the United States as a citizen thereof and had been denied such admission by the Immigration and Naturalization Service and the order denying such admission had been affirmed by the Board of Immigration Appeals. The Attorney General therefore contends that the District Court had no jurisdiction under § 903. There is no merit in this contention. See Wong Wing Foo v. McGrath, 9 Cir., 196 F.2d 120; Chow

Sing v. Brownell, supra; Mah Ying Og v. McGrath, 88 U.S.App.D.C. 87, 187 F.2d 199.

■ The complaint alleged, in substance, that Lee Mon Hong was Shilk's father and was a citizen of the United States, and that Shilk was therefore a citizen of the United States under the provisions of § 1993 of the Revised Statutes, as amended by § 1 of the Act of May 24, 1934, 48 Stat. 797, 8 U.S.C.A. § 6, and § 201(g) of the Nationality Act of 1940, 54 Stat. 1138, 1139, 8 U.S.C.A. § 601(g). Thus, in effect, the complaint alleged that Shilk was a national as well as a citizen of the United States; for, although all nationals of the United States are not citizens thereof, all citizens thereof are nationals thereof.[6]

■ The answer denied that Lee Mon Hong was Shilk's father, thus, in effect, denying that Shilk was a citizen or national of the United States. On the issue thus raised, Shilk had the burden of proof,[7] which is to say, the burden of proving that Lee Mon Hong was his father.

■ Shilk appeared at the trial and, by his guardian ad litem, introduced evidence[8] tending to show that Shilk was born in China; that Lee Mon Hong was Shilk's father; and that Lee Mon Hong was a citizen of the United States at the time of Shilk's birth and had previously resided in the United States; and the District Court so found.

The findings were not clearly erroneous. We therefore accept them as correct[9] and conclude, as did the District Court, that Shilk acquired United States nationality at birth.[10]

Judgment affirmed.

(a) of the Immigration and Nationality Act, 66 Stat. 280. The subject matter of § 903 is now covered by 8 U.S.C.A. § 1503.

6. See 8 U.S.C.A. §§ 501(b) and 1101(a) (22); Chow Sing v. Brownell, supra.

7. Fong Wone Jing v. Dulles, supra; Chow Sing v. Brownell, supra; Bauer v. Clark, 7 Cir., 161 F.2d 397; Elias v. Dulles, 1 Cir., 211 F.2d 520.

8. The evidence introduced by Shilk con-

sisted of the testimony of four witnesses (Shilk, Lee Mon Hong and two others) and six exhibits.

9. See Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Vidales v. Brownell, 9 Cir., 217 F.2d 136; Wong You Henn v. Brownell, D.C.Cir., 207 F. 2d 226; Elias v. Dulles, supra.

10. See 8 U.S.C.A. §§ 6 and 601(g and h).