**LAW DON SHEW, Appellant,**

v.

**John Foster DULLES, as Secretary of
State of the United States,
Appellee.**

**No. 13762.**

United States Court of Appeals
Ninth Circuit.

Nov. 24, 1954.

Kathleen Parker, Los Angeles, Cal.,
for appellant.

Laughlin E. Waters, U. S. Atty., Andrew J. Davis, Clyde C. Downing, Robert K. Grean, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS and ORR, Circuit Judges, and WIIG, District Judge.

MATHEWS, Circuit Judge.

On April 7, 1952, in the United States District Court for the Southern District of California, appellant, Law Don Shew, instituted an action against Dean Acheson, as Secretary of State of the United States,[1] for a judgment declaring appellant to be a national of the United States. The Secretary answered the complaint,[2] a trial was had, findings of fact and conclusions of law were stated, and a judgment was entered adjudging that appel-

---

1. Acheson's successor, John Foster Dulles, was substituted for Acheson on April 23, 1953.

2. The complaint was called a petition.

lant was not a national of the United States. This appeal is from that judgment.

The action was under 8 U.S.C.A. § 903,[3] which provided: "If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. * *"

■ The complaint alleged, in substance, that appellant was born in China on November 3, 1922, and was a son of Law See Chew; that Law See Chew was a citizen of the United States at the time of appellant's birth and had resided in the United States since October 1, 1917; and that appellant was therefore a citizen of the United States under § 1993 of the Revised Statutes, 8 U.S.C.A. § 6. Thus, in effect, the complaint alleged that appellant was a national of the United States; for, although all nationals of the United States are not citizens thereof, all citizens thereof are nationals thereof.[4]

■ The answer denied that appellant was a son of Law See Chew, thus, in effect, denying that appellant was a national of the United States. On the issue thus raised, appellant had the burden of proof,[5] which is to say, the burden of proving that he was a son of Law See Chew.

■ At the trial, appellant adduced evidence [6] some of which tended to show that he was a son of Law See Chew. Some of the evidence so tending was uncontradicted. However, the District Court was not required to believe such evidence or to accept it as true.[7]

■ The District Court found that appellant was not a son of Law See Chew. The finding was not clearly erroneous. We therefore accept it as correct [8] and conclude, as did the District Court, that appellant was not a national of the United States.

Judgment affirmed.

3. Section 903 was repealed by § 403(a) of the Immigration and Nationality Act, 66 Stat. 279, 280, effective December 24, 1952. However, this action, having been instituted before December 24, 1952, was not affected by the repeal. See § 405(a) of the Immigration and Nationality Act, 66 Stat. 280. The subject matter of § 903 is now covered by 8 U.S.C.A. § 1503.

4. See 8 U.S.C.A. §§ 501(b) and 1101(a)(22); Chow Sing v. Brownell, 9 Cir., 217 F.2d 140; Brownell v. Lee Mon Hong, 9 Cir., 217 F.2d 143.

5. Fong Wone Jing v. Dulles, 9 Cir., 217 F.2d 138; Chow Sing v. Brownell, supra; Brownell v. Lee Mon Hong, supra; Bauer v. Clark, 7 Cir., 161 F.2d 397; Elias v. Dulles, 1 Cir., 211 F.2d 520.

6. The evidence adduced by appellant consisted of the testimony of four witnesses (Law See Chew, Law Shew Kay, Hon Shew Young and appellant himself) and three exhibits.

7. Mar Gong v. Brownell, 9 Cir., 209 F.2d 448; Chow Sing v. Brownell, supra. See also Lee Sing Far v. United States, 9 Cir., 94 F. 834; Woey Ho v. United States, 9 Cir., 109 F. 888; Quong Sue v. United States, 9 Cir., 116 F. 316; Easton v. Brant, 9 Cir., 19 F.2d 857; Heath v. Helmick, 9 Cir., 173 F.2d 157; National Labor Relations Board v. Howell Chevrolet Co., 9 Cir., 204 F.2d 79, affirmed in Howell Chevrolet Co. v. National Labor Relations Board, 346 U.S. 482, 74 S.Ct. 214; Wigmore on Evidence, Third Edition, § 2034; 32 C.J.S., Evidence, § 1038, pp. 1093–1099.

8. See Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Vidales v. Brownell, 9 Cir., 217 F.2d 136; Brownell v. Lee Mon Hong, supra; Wong You Henn v. Brownell, D.C.Cir., 207 F.2d 226; Elias v. Dulles, supra.