**FONG WONE JING, Fong Hung Wing and Fong Ngar Jing, by their guardian ad litem, William Y. Fong, Appellants, v. John Foster DULLES, as Secretary of State, Appellee.**

No. 13745.

United States Court of Appeals
Ninth Circuit.

Nov. 23, 1954.

Rehearing Denied Jan. 25, 1955.

---

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., Morton M. Levine, Immigration and Naturalization Service, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and MATHEWS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On January 29, 1952, in the United States District Court for the Northern District of California, appellants, Fong Wone Jing, Fong Hung Wing and Fong Ngar Jing, by their guardian ad litem, William Y. Fong, instituted an action [1] against Dean Acheson, as Secretary of State of the United States,[2] for a judgment declaring appellants to be nationals of the United States. The Secretary answered the complaint,[3] a trial was had, and on February 18, 1953, a judgment was entered denying the relief sought by appellants. From that judgment his appeal was taken on February 26, 1953.

Jurisdiction of this action was conferred on the District Court by 8 U.S.C.A. § 903,[4] which provided: "If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him

Jackson & Hertogs, Joseph Hertogs, Arthur J. Phelan, San Francisco, Cal., for appellants.

---

1. According to the complaint, Fong Wone Jing was born on January 7, 1934, Fong Hung Wing was born on January 30, 1936, and Fong Ngar Jing was born on November 7, 1937. Thus, according to the complaint, appellants were infants when the action was instituted and at all pertinent times thereafter.

2. Acheson's successor, John Foster Dulles, was substituted for Acheson on February 17, 1953.

3. The complaint was called a petition.

4. Section 903 was repealed by § 403(a) of the Immigration and Nationality Act, 66 Stat. 279, 280, effective December 24, 1952. However, this action, having been instituted before December 24, 1952, was not affected by the repeal. See § 405(a) of the Immigration and Nationality Act, 66 Stat. 280. The subject matter of § 903 is now covered by 8 U.S.C.A. § 1503.

to be a national of the United States. * * * "

■ Appellants were born in China and, up to the time the action was instituted, had not entered the United States. The Secretary therefore contends that the District Court had no jurisdiction under § 903. There is no merit in this contention. See Lee Wing Hong v. Dulles, 7 Cir., 214 F.2d 753.

■ The complaint alleged: "That on or about January 24, 1951, an application was filed with the American Consulate General at Hong Kong for the issuance of a United States passport or travel document in behalf of * * * Fong Hung Wing; that on or about May 10, 1951, an application was filed with the American Consulate General at Hong Kong for the issuance of a United States passport or travel document in behalf of * * * Fong Wone Jing and Fong Ngar Jing; that the applicants and each of them were informed by the American Consulate General at Hong Kong on or about January 24, 1952, that their applications for documentation had been denied, and that 'the Consulate General declines to afford you facilities for the execution of an affidavit for the purpose of traveling to the United States;' * * * that the refusal of the American Consulate General at Hong Kong to permit [appellants] to proceed to a port of entry in the United States for the purpose of having their admissibility determined by the administrative agency charged with such duty is an arbitrary and unreasonable refusal or denial of a right or privilege of a United States national; * * * that [appellants'] applications for documentation as United States citizens were denied by the American Consulate General at Hong Kong * * * on or about January 24, 1952; that the Department of State through its official executive at Hong Kong did, on or about January 24, 1952, deny [appel-

lants], and each of them, a right or privilege as nationals of the United States; * * * ".

Except as indicated above, there was no allegation that any of the appellants had claimed a right or privilege as a national of the United States and had been denied such right or privilege by a Department or agency, or executive official thereof, upon the ground that he or she [5] was not a national of the United States.

All of the above quoted allegations of the complaint were denied by the answer. None of them was proved. The burden of proof was on appellants [6] and was not sustained. There was no evidence nor any finding nor any basis for a finding that any of the appellants had claimed a right or privilege as a national of the United States and had been denied such right or privilege by a Department or agency, or executive official thereof, upon the ground that he or she was not a national of the United States.

Judgment affirmed.

---

5. Fong Wone Jing and Fong Ngar Jing are girls. Fong Hung Wing is a boy.

6. Bauer v. Clark, 7 Cir., 161 F.2d 397; Elias v. Dulles, 1 Cir., 211 F.2d 520.