**FONG NAI SUN by Fong Kwok Wah, his next friend, Appellant,**

**v.**

**John Foster DULLES, as United States Secretary of State and the United States Department of State, Appellees.**

**No. 14219.**

United States Court of Appeals, Ninth Circuit.

Jan. 31, 1955.

William E. Cornell, Brennan & Cornell, Los Angeles, Calif., for appellants.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Robert K. Grean, James R. Dooley, Asst. U. S. Attys., Los Angeles, Calif., for appellee.

Before STEPHENS and FEE, Circuit Judges, and LING, District Judge.

STEPHENS, Circuit Judge.

This appeal arises from a judgment of dismissal of the complaint which complaint was filed in the district court by Sun, pursuant to Section 903 of Title 8 U.S.C.A.[1] Section 903 provides:

1. This Act, referred to throughout this opinion as § 903, was originally passed October 14, 1940, as § 503 of the Nationality Act of 1940, c. 876, Title I, Subchap. V, § 503, 54 Stat. 1171. It was repealed June 27, 1952, c. 477, Title IV, § 403(a) (42), 66 Stat. 280, and was replaced with some changes the same day by Title 8 U.S.C.A. § 1503, c. 477, Title III, Ch. 3, § 360, 66 Stat. 273. At the time this action was brought (August 28, 1951), § 903 was in effect in its original text. For an historical background of § 903 and its application to persons born in China of American fathers, see Lee Bang Hong v. Acheson, D.C.Hawaii, 1951, 110 F.Supp. 48; Lee Hong v. Acheson, D.C.N.D.Cal., 1953, 110 F.Supp. 60.

"If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States * * *."

such person may bring and maintain an action for a declaration that he is a national of the United States. The district court dismissed the action upon motion of the United States' attorney primarily upon the ground that plaintiff's evidence did not prove the essential requirement, to-wit, that he had been so denied a right or privilege, D.C., 117 F.Supp. 391.

The facts are that Sun, who claimed that he was born in China of a native Chinese mother and of a father, a member of the Chinese race but a born national and resident of the United States, applied to the American consul at Hong Kong on the 7th day of May, 1951, for a passport to the United States, using the consul's form for a "native citizen". After filling in the answers to most of the questions propounded in it, he properly acknowledged it, and the consular officer received and filed it. Attached to the application was a photograph signed by Sun and it is not denied that it was a photograph of the applicant. Accompanying the application was a letter purporting to be from Fong Nai Wah, claimed as Sun's father. A carbon copy of another letter from a Mr. Geo. A. Erbs, claiming to be a friend of Wah's, was also attached to the application, in which he stated that affidavits were being transmitted. (They had not arrived at the time the officer made his ruling.)

The purport of the letters was that the father had just become aware of the fact that the son's right to establish himself as a United States national necessitated that the son arrive in the United States or one of its outlying possessions before May 17, 1951, his sixteenth birthday. Section 601(g) of Title 8 U.S.C.A.[2] is applicable to the instant case and provides that a person in the situation Sun claims to be must arrive in the United States prior to his sixteenth birthday[3] in order to "retain" his United States citizenship.

The consular officer processed the application without delay and Sun was given his physical examination. A radiological examination was also made at the officer's instigation. The result was that the application was, on the 10th day of May, 1951, denied with the following ruling:

"In view of the radiological report and the complete lack of evidence in the case, [the consul's file demonstrates there was evidence], it is the opinion of the undersigned that there is substantial basis for suspecting that the claim is fraudulent. The application has been disapproved, and the Consul General has declined to afford facilities for the execution of an affidavit enabling applicant to travel to the United States."

It will be observed that the ruling was not that the department regulations had not been complied with, nor that the matter would be continued for further evidence. It was entertained and the requested action was definitely denied. It would appear that the consular officer

2. This section is referred to throughout this opinion as § 601(g). It was enacted as § 201(g) of the Nationality Act of 1940, 8 U.S.C.A. § 601(g), Oct. 14, 1940, c. 876, Title I, Subch. II, § 201, 54 Stat. 1138. It has since been repealed, June 27, 1952, c. 477, Title IV, § 403(a) (42), 66 Stat. 280, and has been replaced by the Act of June 27, 1952, c. 477, Title III, Ch. 1, § 301, 66 Stat. 235, 8 U.S.C.A. § 1401.

3. The requisite age limit for foreign born

citizens of this class to take up residence in the United States has varied with the different enactments. We are here concerned with Title 8 U.S.C.A. § 601(g) which was in effect prior to June 27, 1952, and which provided that:

" * * * If the child has not taken up a residence in the United States or its outlying possessions by the time he reaches the age of sixteen years, * * * his American citizenship shall thereupon cease."

appreciated the situation and acted with great promptness in order that, had he decided to grant the request, the passing of a few days might not have deprived the applicant of his statutory right to prove his claimed status in court. We hold that the consular ruling was the denial of a claimed "right or privilege as a national of the United States * * upon the ground that he is not a national of the United States * * *."

It was reversible error for the court to hold that the action of the consular officer's ruling was not such a denial of a claimed right as to entitle appellant to proceed under Section 903.

That Section 903 applies to actions in relation to derivative citizenship has been held by this court in Brownell v. Lee Mon Hong, 9 Cir., 1954, 217 F.2d 143, and in Wong Wing Foo v. McGrath, 1952, 9 Cir., 196 F.2d 120, and others.

From a cursory reading of the case of Fong Wone Jing, Fong Hung Wing and Fong Ngar Jing etc. v. Dulles, 9 Cir., 1954, 217 F.2d 138, that case may seem at variance with other cases as to the application of § 903 to the facts of this case. But when read with care it becomes clear that the point decided in that case was that the allegations of the complaint were insufficient to invoke the application of § 903. The allegations of the complaint in our case clearly bring it within the provisions of § 903.

It was agreed that Sun had not actually reached the United States or any possession thereof prior to his sixteenth birthday, while the Act, Section 601(g), is made applicable only to those who have done so. However, Sun contends that it was the government's fault that prevented his timely arrival and that under a liberal interpretation of the Act, and in the light of the purposes of the Act, this requirement is ineffective in this case. Appellee rejects such contention and the district court in its memorandum opinion specifically stated that it was not deciding it.

Since the case must be remanded for further proceedings and since the point just mentioned is unsettled as a matter of law and factually may well be affected by the evidence as to the fundamental question of appellant's nationality, it would appear desirable that the evidence as to appellant's claim should be heard prior to any ruling as to appellant's timely arrival in the United States.

The judgment is set aside and the case is remanded for further proceedings in accord with this opinion.

Remanded.