**JEW MAY LUNE, by Guardian Ad Litem Jew Doo Lee, Appellant,**

v.

**John Foster DULLES, as Secretary of State, Appellee.**

No. 14269.

United States Court of Appeals
Ninth Circuit.
May 13, 1955.

Kathleen Parker, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Robert K. Grean, Andrew J. Davis, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before POPE, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Jew May Lune filed petition to establish her status as a national of the United States on December 23, 1952, pursuant to 8 U.S.C.A. § 903.* She alleged she was the legitimate daughter of a citizen of the United States. It was set up that petitioner made application for an American passport to the American Consulate General at Hong Kong, China, which refused issuance. It is then claimed that she has thus been denied rights and privileges of a national of the United States on the ground that she is not a national. An answer, which contained a general denial and a further and separate defense that the complaint does not state a claim, was filed February 26, 1953.

A motion to dismiss was filed on the ground that there was no such denial and that petitioner had not exhausted her administrative remedies. There was attached to this motion the document set out in the margin.[1] There was no trial, but only a hearing on the motion, at which time the trial court purported to receive and consider the exhibit. Based thereon, it appeared to the court that petitioner had not been denied a right or privilege as a national by defendant on the ground that petitioner was not a national and it further appeared to the court that plaintiff had not exhausted her administrative remedies at the time of filing petition "and that therefore the

---

* Now 8 U.S.C.A. § 1503.

1. "Enclosure to Hong Kong—Despatch No. 2216

"American Consulate General
"Hong Kong, May 6, 1953
"Status Reports of Pending Cases in Which Civil Actions Have Been Filed
"Name of case: Jew May Lune.
"Number of case: 4571.
"Date initiated: April 13, 1951.
"Date passport application executed: August 22, 1951.
"Approximate number of prior cases: None. (Case already reached on waiting list.)
"Principal cause of delay in concluding case: Failure to appear; case in examiner's backlog.
"Remarks: Applicant was given final interview on August 8, 1952, with alleged brother as witness. Blood tests of applicant, alleged brother, and alleged parents show that alleged brother is an imposter. The applicant failed to respond to Consulate General's letter of January 8, 1953, asking her to call to discuss the results of the blood tests. She did respond to a second letter of March 27, 1953. Case will be concluded as soon as examiner's work load permits. Applicant has executed C.I. application, but no action will be taken until decision on passport application reached.
"Examined by: Signed F.J.C. — F. J.
"FJC–mlt                    Crawford.
"United States of America Department of State
"To all to whom these presents shall come, Greeting:
"I Certify That the document hereunto annexed is a pertinent document from the passport file of Jew May Lune.
"In testimony whereof, I, Walter B. Smith, Acting Secretary of State, have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Authentication Officer of the said Department, at the city of Washington, in the District of Columbia, this second day of July, 1953.
"(Seal) /s/ Walter B. Smith,
                    Acting Secretary of
                    State,
            /s/ By Barbara Hartman
                    Authentication Officer,
                    Department of State.
"Affidavit of Service by Mail attached.
"(Endorsed): Filed October 20, 1953."

court lacked jurisdiction over the subject matter of the within action."

 There were sufficient "facts" set up in the petition to give the court jurisdiction to hear and determine the cause. It was alleged that her rights were denied upon the ground that she was not a national. Under federal forms of pleading, this is sufficient, and, besides, there were allegations which, if proved, would show she was a national and that there was a refusal to issue a passport. The defendant denied these allegations. This was sufficient basis for jurisdiction. The court was then required to try the matter.

This foundation completely negatives the theory of defendant that jurisdiction can be destroyed by an ex parte showing. If the facts were as defendant claimed then, proof should have been adduced at trial. The mere production of a self-serving document made in May, 1953, long after suit was filed in December, 1952, was not sufficient to deprive the court of jurisdiction. It might have been introduced at trial if competent.[2] But petitioner should have had the right to introduce evidence upon her own behalf on the issue. Where allegations have been made which are necessary for jurisdiction, the action will fail if these are not proved. The reservation in rule 12(h), Federal Rules of Civil Procedure, 28 U.S.C.A., is for extraneous circumstance, which demonstrates that the court has not authority to hear and determine. All tribunals in the federal system must at all stages of the proceeding make certain of the possession of power to act. But, where there are allegations of key jurisdictional facts which are controverted, there always exists power to try the issues thus made. Jurisdiction existed to try the questions here.

The final order cannot be sustained upon the ground that it was a

summary judgment either. There were genuine issues of fact which could not be escaped. An analogous point has been made regarding a jurisdictional fact alleged, but not proved, where an attempt was made to concede its existence for the purpose of deciding other issues.[3]

The decision of this Court in Fong Nai Sun v. Dulles, 9 Cir., 219 F.2d 269, lays down the pattern which must be followed here.

The cause is remanded for trial of the issues of fact.

---

2. The Office of the Secretary of State does not certify the facts, but only that there is a document which apparently has been examined by F.J.C.—F.J. Crawford, whoever he may be. The certificate usurps the judicial function by declaring the document "pertinent."

3. Albert v. Brownell, 9 Cir., 219 F.2d 602.