Francisco **MENDOZA–MARTINEZ**, Appellant,

v.

Argyle R. **MACKEY,** Commissioner of Immigration and Naturalization and Herbert Brownell, Attorney General of the United States, Appellees.

No. 14997.

United States Court of Appeals
Ninth Circuit.

Nov. 2, 1956.

Vincent P. DiGiorgio, DiGiorgio & Davis, Bakersfield, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, James R. Dooley, Asst. U. S. Attys., Los Angeles, Cal., for appellees.

Before BONE, ORR and HAMLEY, Circuit Judges.

PER CURIAM.

Mendoza-Martinez appeals from an adverse judgment in an action for declaratory judgment in the United States District Court for the Southern District of California, Northern Division.

Appellant departed the United States in 1942 for Mexico and remained there until 1946. Upon his return to the United States, he was convicted for draft evasion under 50 U.S.C.A.Appendix, § 311.[1] While in custody, appellant was arrested by the Immigration and Naturalization Service for illegal entry; the warrant alleged expatriation under Sec. 401(j) of the Nationality Act of 1940, 54 Stat. 1168 (1940), as amended by 58 Stat. 746 (1944).[2] The statute provided, in substance, for loss of United States nationality by departing from or remaining outside United States jurisdiction during a national emergency for the purpose of evading or avoiding military service.

After exhausting administrative remedies, appellant brought this action for declaratory relief. Appellant's sole contention is that Sec. 401(j) is unconstitutional. This Court has twice held said section to be constitutional; on authority of Gonzalez v. Landon, 9 Cir., 1954, 215 F.2d 955, reversed on other grounds 350 U.S. 920, 76 S.Ct. 210, and Vidales v. Brownell, 9 Cir., 1954, 217 F.2d 136, the judgment of the District Court is affirmed.

1. Now Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 462.

2. Now Immigration and Nationality Act 1952, 8 U.S.C.A. § 1481(a).