**SEARS, ROEBUCK & CO., Plaintiff,**

v.

**AMERICAN PLUMBING & SUPPLY COMPANY OF GREEN BAY,**
Defendant.

**Civ. A. No. 5959.**

United States District Court
E. D. Wisconsin.
June 2, 1954.

See also 19 F.R.D. 334.

Benedict Deinard, Melvin Siegel, Minneapolis, Minn., Hess & Chernov, Milwaukee, Wis., for plaintiff.

Morris Karon, Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

Plaintiff corporation, Sears Roebuck & Co., alleges in its complaint that defendant corporation, American Plumbing & Supply Company of Green Bay, paid plaintiff's agent, Stockwell, secret commissions on defendant's sales to plaintiff, and seeks to recover the amount of such secret payments, and in addition, the amount of defendant's profits on such sales. In its answer, signed by defendant's attorney, Meyer Cohen, defendant admitted that it had paid plaintiff's agent a commission on certain sales, but denied that such payments were improper for any reason.

Following joinder of issue, plaintiff moved for summary judgment in its favor, and filed in support of its motion a deposition taken of Marcus Kohlenberg, president and manager of the defendant corporation, in connection with an earlier case, Sears Roebuck & Co. v. Stockwell, growing out of substantially the same facts and now pending in the United States District Court, District of Minnesota, Fourth Division. Upon the filing of the motion for summary judgment, and in opposition thereto, defendant moved to withdraw its original answer and substitute a proposed amended answer.

Defendant alleged in the proposed amended answer, signed by both Kohlenberg and Cohen, that Melvin H. Siegel, the attorney for Sears who signed the complaint in the instant action, had induced Kohlenberg to testify in the prior action by representing, promising, agreeing and assuring the defendant and Kohlenberg "that if the defendant permitted the plaintiff to examine and to obtain evidence and testimony from the defendant's books, papers and documents for the benefit of the plaintiff in the aforesaid Stockwell case and if said Marcus Kohlenberg did give evidence and testimony by his deposition for the benefit of the plaintiff Sears in the said Stockwell action, that the plaintiff would not make any claim of any kind or commence any action or suit of any kind against the defendant or Marcus Kohlenberg for any · payments plaintiff claimed said Stockwell received from the defendant." Defendant further alleged in the proposed amended answer that Kohlenberg had given testimony by his deposition in reliance upon such promises and representations, that without such promises and assurances Kohlenberg would not have waived his constitutional right to decline, upon the ground of privilege against self-incrimination, to testify in the Stockwell case, that the present action was commenced in violation of such promises and agreements, and that such agreement constitutes an estoppel against the plaintiff in maintaining this action.

In support of its motion to withdraw its original answer and to substitute a proposed amended answer and in further opposition to plaintiff's motion for summary judgment, defendant filed an affidavit dated February 9, 1954, signed by Kohlenberg, in which he described a course of dealing with plaintiff's agent, Stockwell, and stated that "At no time did I or the defendant add any commission or anything else to the selling price of goods sold by the defendant to the plaintiff." With respect to the alleged promises made by plaintiff's attorney, Siegel, Kohlenberg stated in his affidavit: "Said Siegel stated repeatedly and repeatedly assured me that if American Plumbing (the defendant) and I permitted him to examine and to obtain evidence and testimony from the defend-

ant's books, records and papers for the benefit of Sears in the said Stockwell case and if I gave evidence and testimony by deposition for the benefit of Sears in said Stockwell case, that Sears (the plaintiff) would not make any claim of any kind or commence any action or suit of any kind against American Plumbing (the defendant) or against me for any commissions plaintiff thought Stockwell received from American Plumbing."

In a second affidavit filed only recently in answer to a request for admissions made by plaintiff pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A., Kohlenberg states that "Siegel talked extensively to affiant and to Meyer Cohen, and said Siegel made statements, representations, promises, agreements and assurances to affiant and to Meyer Cohen as more particularly set forth in the affidavit of affiant dated February 9, 1954, and the Amended Answer dated February 9, 1954, both in the above case, before the taking of affiant's deposition by said Siegel."

Upon the filing of the defendant's motion to withdraw answer, the proposed amended answer, and the February 9, 1954 Kohlenberg affidavit, plaintiff sought to take the depositions of Kohlenberg and Meyer Cohen concerning the matters contained in those documents. Both Kohlenberg and Cohen refused to answer questions asked of them, and plaintiff has now brought two separate motions asking the court to direct Cohen and Kohlenberg to answer the questions asked of them.

Plaintiff's counsel sought in his questioning of Cohen to elicit information concerning the alleged promise made by Siegel that Sears would not make any claim nor commence any action against Kohlenberg or American Plumbing. The conversation in which such promises are supposed to have been made, took place just prior to the taking of the deposition of Kohlenberg in the Stockwell case, in the office of a Green Bay attorney, with Kohlenberg, Cohen and Siegel being par-

ties to the conversation. Upon advice of counsel, Cohen refused to answer any questions concerning this conversation, upon the ground that as attorney of record for the defendant, anything he knows about the defendant's case has come to him in his capacity as his attorney, and is a privileged communication.

It seems very clear to this court that the information sought to be elicited from Cohen by the plaintiff is in no wise privileged. Any statements made at the conference referred to above are plainly not confidential since the conference was composed of representatives of Sears in addition to Kohlenberg and his attorney, Cohen. In order for a communication from a client to his attorney to be privileged it must be of a confidential nature. In order to be a confidential communication it must necessarily be a secret one. 70 C.J. 413, 414.

"There is no privilege as to a communication between attorney and client in the presence of a third person, not the agent of either party, or in the presence of the adverse party or his attorney, and either the attorney or the third person may testify in respect thereof if he was present. A fortiori, there is no privilege as to a conversation or transaction in which attorney, client, and a third person participate, or a conversation or transaction between the client and a third person in the presence of the attorney, or a conversation or transaction occurring in the presence of an attorney between two persons, both of whom are clients of the attorney, but not concerning the same subject matter." 70 C.J. 433–435.

In the refusal to testify concerning the conference in question, confusion apparently exists as to the distinction between privileged communications and the undesirability of having an attorney testify in a case where he represents one of the parties. It is not uncommon, however, for attorneys to testify in cases

such as this concerning matters of which they have knowledge, and which are not privileged, ordinary practice being that the attorney withdraws from the suit before becoming a witness.

"Except with respect to confidential communications, an attorney may testify as to matters affecting his client. As respects an attorney connected with the case on trial, the practice of counsel testifying is of doubtful propriety and he should ordinarily withdraw before becoming a witness, and if counsel testifies, generally it is unbecoming for him to examine witnesses or address the jury, although there is no impropriety in his testifying to mere formal matters, and there are exceptional cases in which it may be proper and necessary for counsel to testify to matters affecting the merits of the case. But in the final analysis the question of whether counsel should testify in a case with which he is professionally connected is one of legal ethics resting largely with his own conscience; it is clearly within the discretion of the trial court to permit counsel to testify, and not reversible error to allow it, the professional relationship of the witness affecting his credibility and not his competency, and irrespective of whether he withdraws as counsel or of the propriety of his testifying, counsel in a cause is a competent witness, and may testify either for or against his client." 70 C.J. 175–178.

Plaintiff's second motion asks the court for an order directing defendant's president, Kohlenberg, to answer certain questions put to him by the plaintiff. As previously indicated, following the filing of plaintiff's motion for summary judgment, defendant placed in the record, an affidavit made by Kohlenberg, touching upon his experiences and dealings with plaintiff's agent, Stockwell, and its attorney, Siegel. In addition, defendant moved to withdraw its original answer and to substitute a proposed amended answer. Issues of material fact having been raised by such affidavit, counsel for the plaintiff scheduled the deposition of Kohlenberg, and sought to examine him upon the allegations made in the affidavit. Upon the advice of counsel, Kohlenberg pleaded the privilege against self-incrimination and refused to answer the questions put to him.

■ Counsel for the defendant takes the position that this affidavit, which is favorable to his position, must be accepted as a verity in the case, and that the plaintiff cannot examine Kohlenberg concerning the matters therein. It is his contention that the affidavit does not contain any admission or statement of any illegal or criminal conduct by Kohlenberg in any transaction with the plaintiff or its agent, and that the filing of Kohlenberg's affidavit did not thereby give the plaintiff the right to compel Kohlenberg to disclose further facts which might tend to incriminate him. In support of this reasoning is cited the so-called English rule, set out in 147 A.L.R. 264, that a witness is entitled to claim his privilege against self-incrimination at any stage of his examination, and the fact that he has chosen to answer in part does not operate as a waiver of his right to refuse, justifiably, to answer further questions. The great weight of authority in this country, however, supports the contrary view that a witness who discloses a fact or transaction without invoking his privilege against self-incrimination, thereby waives that privilege with respect to the details and particulars of such fact and transaction. 147 A.L.R. 256.

The rule is stated in 28 R.C.L. 443, as follows:

"However, the great weight of American authority supports the rule that a witness who, in his direct examination, voluntarily opens an account of a transaction, will, on

his cross-examination, be compelled to complete the narrative; and that he will not be allowed to state a fact and afterwards refuse to give the details. The objection that an answer to a question asked would tend to incriminate the witness must therefore be made at the threshold of the examination. He cannot wait and answer a part and then refuse to answer other questions legitimate to a cross-examination. A contrary rule, it has been said, would sanction the obvious injustice of permitting a person to waive his privilege under the constitutional provisions and give testimony to his advantage, or the advantage of his friends, and at the same time and in the same proceeding assert his privilege and refuse to answer questions that are to his disadvantage or the disadvantage of his friends. Even a party to the action who voluntarily becomes a witness on his own behalf, and thus waives his privilege, cannot, on cross-examination, refuse to answer in reference to any matter testified to by him in his testimony in chief, on the ground that his answer would criminate him."

Jones on Evidence, 4th Ed., 1647, states:

"The English authorities hold that the witness may claim the privilege of immunity from self incrimination at any time, even after he has voluntarily given some testimony on the privileged subject. In this country, however, it is generally held to be too late for the witness to claim his privilege after he has, without objection, given testimony concerning the matter tending to criminate him. If he has stated a particular fact in favor of the party calling him, he is bound, on cross examination, to state the circumstances relating to the fact although, in so doing, he may ex-

pose himself to a criminal charge. This rule applies with peculiar force where the witness is a party defendant in a criminal case. The object of the statutes allowing witnesses to testify in their own behalf is to promote the discovery of the truth, so far as can be done without injuring the rights of the witness or parties. While the accused may not be compelled to testify, yet, if he becomes a witness, he takes the hazard of the situation; he subjects himself to cross examination as do other witnesses, and renders himself liable to be cross examined upon all questions pertinent to his direct examination."

█ The Kohlenberg affidavit has been interposed in this action as a vehicle to defeat plaintiff's motion for summary judgment. It has been made a part of the file and no attempt has been made to withdraw it. This is an adversary proceeding. Plaintiff seeks and is entitled to his right of cross-examination, historical in our system. It was the defendant, a closely held family corporation, and its president, Kohlenberg, who introduced into the case the issues and assertions of fact set out in the affidavit. Plaintiff desires to question Kohlenberg relative to the assertions which he has made and to this the witness cries privilege. The court is of the opinion that such privilege, if any exists, has been waived, and that Kohlenberg must now give all of the circumstances and details as to every act and transaction to which his affidavit refers.

█ Plaintiff has asked for the imposition of terms and costs, claiming that the objections which were raised were not substantial. The court is aware, of course, that the parties travelled some distances for the purpose of taking the depositions, and that because of the objections of counsel, re-examination must be had. The court is not prepared to say that the objections were insubstantial, but is of the opinion

that the holding of subsequent examinations at a place where a speedy determination of certifications can be made is warranted. With due regard to the convenience of all parties and persons concerned, the court believes that a suitable and proper place for further examination is Room 316 of the Federal Building, Milwaukee, Wisconsin, before Honorable Floyd E. Jenkins, Court Commissioner.

Counsel for the plaintiff may prepare an order in conformity with this opinion.