**WONG KEN FOON as Guardian Ad Litem for Wong Hing Goon, Appellant,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.**

**No. 14080.**

United States Court of Appeals, Ninth Circuit.

Jan. 8, 1955.

Brennan & Cornell, Los Angeles, Cal., for appellants.

Laughlin E. Waters, U. S. Atty., Robert K. Grean, Clyde C. Downing, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE, and CHAMBERS, Circuit Judges.

STEPHENS, Circuit Judge.

A young man, a Chinese born in China, seeks through § 503 of the National Security Act of 1940, 8 U.S.C. § 903 *, to be declared a citizen of the United States claiming to be the son of Wong Ken Foon, a United States citizen, who brought the action as guardian ad litem. The District Court denied the relief sought and this appeal followed.

It appears that the young man arrived at the American shores for admission to the United States, January 18, 1952 and was held by the Immigration and Naturalization Service pending determination of his status. A hearing was had on February 15, 1952 before a Board of Special Inquiry which held against the applicant's admission as a United States citizen. Thereafter, the instant action was instituted. The appellant young man presented two witnesses in addition to himself and the alleged father; and if the evidence is to be believed the young man should have been declared a United States citizen. The defendant offered no witnesses. The defense, however, introduced certain immigration records and transcripts of proceedings of the Board of Special Inquiry and other proceedings which incorporated questions and answers of a preliminary hearing in January 1952.

As the District Court trial opened, Mr. Talan for defendant-appellee asked:

"May we also have entered the record of the administrative proceeding and a stipulation that it is authentic and a true and correct copy of the hearing that was reported therein?"

Mr. Brennan for plaintiff-appellant replied:

"Yes, subject to our calling to the court's attention any discrepancies that might have occurred by reason of the interpreter's translation. We have no question about the authenticity of the record or its correctness as interpreted, and we are not raising any technicality on getting the record in, but we are not stipulating as to the accuracy of the transcript and of the interpreter's remarks."

* 1952 Revision 8 U.S.C.A. § 1503.

Mr. Talan then stated:

"That is accepted."

The records referred to contained a transcription of youth's previous testimony and defendant-appellee cross-examined him as to such testimony, some of which was contrary to testimony given in the instant District Court trial and some of it constituted admissions against interest. The transcript was offered and admitted into evidence without objection. It is here claimed that the procedure was error and that such testimony was hearsay. The point is *not good for two reasons*:

> First: The evidence went in without objection.
>
> Second: It is legitimate cross-examination to confront a witness with former statements and permit or request him to explain.

The trial before the District Court was, of course, de novo and not a review of the Immigration hearings and the record shows that the court considered all of the evidence in that light.

As is said in Wigmore, Vol. IV, (3d Ed.) p. 4,

> "The Hearsay Rule, therefore, is not a ground of objection when an opponent's assertions are offered *against* him; in such case, his assertions are termed admissions."

and at page 6,

> " * * * an admission is *equivalent to affirmative testimony* for the party offering it."

Schoeps v. Carmichael, 9 Cir., 1949, 177 F.2d 391. See United States v. United Shoe Machinery Corp., D.C., 89 F.Supp. 349, 351–352.

■■ Some of the testimony of the alleged father and of the alleged son was in the judgment of the court inherently improbable and unbelievable. One such incident is that although the alleged son claims to have lived in a small village of 40 houses until he was 21 years old he knew the names of but one person outside his own family. He described that one person as a man bachelor older than himself. There was testimony that the man named was not a bachelor but had a wife and two children. The District Court was fully justified in disbelieving his testimony.[1]

■ At the trial a continuance was requested by counsel for appellant to get the testimony of the alleged mother. The court was of the opinion that her testimony would be "cumulative and would not cure the improbability of the appellant ever having lived all of his life in a village where he could not remember the name of his next door neighbor." The denial of the request was not an abuse of discretion.

The judgment is affirmed.

---

[1]. There has been no modification of the doctrine succinctly stated by Mr. Justice Field in Quock Ting v. United States, 140 U.S. 417–420, 11 S.Ct. 733, 734, 35 L. Ed. 501: "There may be such an inherent improbability in the statements of a witness as to induce the court or jury to disregard his evidence, even in the absence of any direct conflicting testimony. * * * "