CHOW SING, by his guardian ad litem, Chow Yit Quong, Appellant,

v.

Herbert BROWNELL, Jr., as Attorney General of the United States, Appellee.

No. 13746.

United States Court of Appeals Ninth Circuit.

Nov. 24, 1954.

Rehearing Denied and Opinion Amended Jan. 17, 1955.

■

Jackson & Hertogs, Joseph Hertogs, San Francisco, Cal., for appellants.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., Morton M. Levine, Immigration and Naturalization Service, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and MATHEWS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On or before August 17, 1951, the United States District Court for the Northern District of California appointed Chow Yit Quong as guardian ad litem of a boy who called himself and claimed to be Chow Sing and is hereafter called Sing. On August 17, 1951, Sing, by his

guardian ad litem, instituted an action [1] in the District Court against J. Howard McGrath, as Attorney General of the United States [2] for a judgment declaring Sing to be a national of the United States. The Attorney General answered the complaint,[3] a trial was had, findings of fact and conclusions of law were stated, and on February 19, 1953, a judgment was entered denying the relief sought by Sing. From that judgment this appeal was taken on February 26, 1953.

Jurisdiction of the action was conferred on the District Court by 8 U.S.C.A. § 903,[4] which provided: "If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. * * * "

■ Sing was born in China and, up to the time the action was instituted, had not entered the United States. The Attorney General therefore contends that the District Court had no jurisdiction under § 903. There is no merit in this contention. See Fong Wone Jing v. Dulles, 9 Cir., 217 F.2d 138; Lee Wing Hong v. Dulles, 7 Cir., 214 F.2d 753.

■ The action was instituted after Sing had applied to the Immigration and Naturalization Service for admission to the United States as a citizen thereof and had been denied such admission by the Immigration and Naturalization Service and the order denying such admission had been affirmed by the Board of Immigration Appeals. The Attorney General therefore contends that the District Court had no jurisdiction under § 903. There is no merit in this contention. See Wong Wing Foo v. McGrath, 9 Cir., 196 F.2d 120; Mah Ying Og v. McGrath, 88 U.S.App.D.C. 87, 187 F.2d 199.

■ The complaint alleged, in substance, that Chow Yit Quong was Sing's father and was a citizen of the United States, and that Sing was therefore a citizen of the United States under the provisions of § 1993 of the Revised Statutes, as amended by § 1 of the Act of May 24, 1934, 48 Stat. 797, 8 U.S.C.A. § 6, and § 201(g) of the Nationality Act of 1940, 54 Stat. 1138, 1139, 8 U.S.C.A. § 601(g). Thus, in effect, the complaint alleged that Sing was a national as well as a citizen of the United States; for, although all nationals of the United States are not citizens thereof, all citizens thereof are nationals thereof.[5]

■ The answer denied that Chow Yit Quong was Sing's father, thus, in effect, denying that Sing was a citizen or national of the United States. On the issue thus raised, Sing had the burden of proof,[6] which is to say, the burden of proving that Chow Yit Quong was his father.

---

1. The evidence showed that Sing was born on August 23, 1934, and hence was an infant when the action was instituted and at all pertinent times thereafter.

2. McGrath's successor, James P. McGranery, was substituted for McGrath on November 10, 1952. McGranery's successor, Herbert Brownell, Jr., was substituted for McGranery on February 17, 1953.

3. The complaint was called a petition.

4. Section 903 was repealed by § 403(a) of the Immigration and Nationality Act, 66 Stat. 279, 280, effective December 24, 1952. However, this action, having been instituted before December 24, 1952, was not affected by the repeal. See § 405(a) of the Immigration and Nationality Act, 66 Stat. 280. The subject matter of § 903 is now covered by 8 U.S.C.A. § 1503.

5. See 8 U.S.C.A. §§ 501(b) and 1101(a)(22).

6. Fong Wone Jing v. Dulles, supra; Bauer v. Clark, 7 Cir., 161 F.2d 397; Elias v. Dulles, 1 Cir., 211 F.2d 520.

■ Sing appeared at the trial and, by his guardian ad litem, introduced evidence [7] some of which tended to show that Chow Yit Quong was the father of a person known as Chow Sing and that Sing was that person. Some of the evidence so tending was uncontradicted. However, the District Court was not required to believe such evidence or to accept it as true.[8]

■ The District Court found: "The person [Sing] who claims to be plaintiff Chow Sing has failed to introduce evidence of sufficient clarity to satisfy or convince this Court that Chow Yit Quong is the natural blood father of the person known as Chow Sing, or that the person [Sing] who appeared before the Court claiming to be plaintiff Chow Sing is in truth and fact Chow Sing." Thus, in effect, the District Court found that Sing had not sustained his burden of proof.

However, it appears [9] that the District Court proceeded on the theory that the burden of proof resting on Sing was different from and heavier than the ordinary burden of proof resting on plaintiffs in civil actions—a theory which was and is untenable.[10] We hold that Sing's burden of proof was the ordinary one. As to whether he sustained that burden, we express no opinion.

The judgment is vacated and the cause is remanded with directions to make findings as to whether Chow Yit Quong was Sing's father, such findings to be made in the light of this opinion,[11] and thereupon enter such judgment as may be proper.

---

7. The evidence introduced by Sing consisted of the testimony of four witnesses (Sing, Chow Yit Quong and two others) and eight exhibits.

8. Mar Gong v. Brownell, 9 Cir., 209 F.2d 448. See also Lee Sing Far v. United States, 9 Cir., 94 F. 834; Woey Ho v. United States, 9 Cir., 109 F. 888; Quong Sue v. United States, 9 Cir., 116 F. 316; Easton v. Brant, 9 Cir., 19 F.2d 857; Heath v. Helmick, 9 Cir., 173 F.2d 157; National Labor Relations Board v. Howell Chevrolet Co., 9 Cir., 204 F.2d 79, af-

firmed in Howell Chevrolet Co. v. National Labor Relations Board, 346 U.S. 482, 74 S.Ct. 214; Wigmore on Evidence, Third Edition, § 2034; 32 C.J.S., Evidence, § 1038, pp. 1093–1099.

9. This appears from the District Court's order for judgment.

10. Mar Gong v. Brownell, supra; Lee Wing Hong v. Dulles, supra. These decisions, it should be noted, were subsequent to the judgment here appealed from.

11. Cf. Mar Gong v. Brownell, supra.