**LEE SHEW, Appellant,**

v.

**Honorable Herbert BROWNELL, Jr., as Attorney General, Appellee.**
**No. 13106.**

United States Court of Appeals,
Ninth Circuit.

Feb. 1, 1955.

Jackson & Hertogs, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, POPE, Circuit Judge, and BOLDT, District Judge.

DENMAN, Chief Judge.

Lee Shew appeals from a judgment in a proceeding under 8 U.S.C. § 903 * holding he is not the son of a claimed father, a Chinese descended American citizen, and denying him relief. He contends that irrelevant and prejudicial evidence was admitted and that the court applied a wrong burden of proof which require a reversal and that this court should declare that he is a United States national.

The court decided the case on a requirement of an excessive burden of

---

* Now 8 U.S.C.A. § 1503.

proof. In the finding of fact and conclusions of law the court stated:

"That there is a complete absence of any proof adequate to establish beyond a reasonable doubt the facts claimed in the petition filed by plaintiff."

No authority for the burden of proof of a criminal case is cited by the court and the appellee's brief practically admits it is error to require it. Appellee points out that the court stated in the course of the trial that there was not sufficient evidence to satisfy the ordinary burden of proof. This was on May 9, 1951. However, after the consideration of the case in the succeeding two weeks to May 23, 1951, when he lodged his findings, the court felt required to base his decision on the burden of criminal cases. That the ordinary burden is applicable this court holds in Mar Gong v. Brownell, 9 Cir., 209 F.2d 448.

On December 10, over several months after the appeal was taken and the district court lost jurisdiction to take any different action in the case, long after the ten days after judgment of Rule 52 (b), 28 U.S.C.A., and after appellant had been put to the expense of printing his brief, the appellee asserts that the District Court attempted to amend its finding. It is contained in a purported supplemental transcript.

The attempted amendment reads, "There is a complete absence of any proof which is *adequate* to establish the relationship claimed." (Emphasis supplied.) without stating what the court regarded adequate proof to be.

■ This statement of what the court did after the appeal was taken is not and cannot be made a part of the record under Rule 75(h). That rule confines the District Court to correct the record on appeal where that record erroneously states what happened in the course of trial. Here the record correctly states what happened, i. e., an erroneous statement of the burden of proof. As stated by this court in Kennedy v. United States, 9 Cir., 115 F.2d 624, at page 625:

"Rule 75(h) gives to the district court and to this court power to correct the record only as to 'what occurred in the district court' not to add or cause to be added to the record findings which were never made."

■ Appellant contends that the District Court failed to give him the trial de novo on his claim under § 903 to be a national of the United States. This is based on the erroneous admission in evidence of the record in the prior proceeding before the Immigration Service pertaining to his admission to the United States.

That this was error is admitted by appellee. However, he contends that it is harmless error not affecting the decision because the court stated that it was not necessary for it to consider the Immigration record, even if the burden of proof on appellant were that of a mere preponderance of the evidence. We think it clear that the District Court tried the case de novo and that the error in the admission of the record was not prejudicial, so differing from Wong Wing Foo v. McGrath, 9 Cir., 196 F.2d 120, 124.

■ Appellant further contends that we should not only reverse but on the evidence we should decide that appellant is a national of the United States, and this although the evidence is conflicting and the witnesses testified before the court below. We have no such power.

The judgment is reversed and remanded to the district court to make its findings on the preponderance of the evidence, without consideration of the record before the Immigration Service.