**NG KWOCK GEE and Ng Kwock Jom, Appellants,**

v.

**John Foster DULLES, Secretary of State of the United States, Appellee.**

**No. 13712.**

United States Court of Appeals Ninth Circuit.

April 25, 1955.

---

See also 212 F.2d 284.

Benjamin W. Henderson, Los Angeles, Cal., for appellants.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Clyde C. Downing, Arline Martin, Andrew J. Davis, Leila F. Bulgrin, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before POPE, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

Each of the appellants brought an action pursuant to the provisions of § 503 of the Nationality Act of 1940 [1] seeking a judgment declaring him to be a national of the United States. They asserted that they were the children of Ng You Ock, a citizen of the United States, and that they were born in China to one Lim Bon whom Ng You Ock married while on a visit to China. The cases were consolidated for trial. The trial court found that neither of the plaintiffs was the son of Ng You Ock and judgment was entered accordingly in favor of the defendant appellee. Witnesses for the plaintiffs were the alleged father, the plaintiffs themselves, Ng Yen Ock, brother of Ng You Ock, Lim Fong and Wong Gee Yuet Ying. Each of the last three witnesses testified that they had visited the alleged wife of Ng You Ock in China where they had seen her children and they told of carrying messages and money to her on behalf of Ng You Ock, the alleged father.

We reject appellants' assertion that the trial court's finding against the claims of appellants was erroneous. The testimony of the two plaintiffs and of their alleged father developed discrepancies and inconsistencies which would readily prompt a disbelief in their credibility. While the testimony of the other witnesses was not specifically contradicted the court expressed its disbelief

1. See Title 8, U.S.C.A. § 903, (1942 ed.), now 8 U.S.C.A. § 1503.

in their testimony and declined to credit what they had to say.

Appellants argue that as the testimony of these three witnesses was uncontradicted the court was obliged to accept their testimony. This court has held in other similar cases that the credibility of the witnesses is a matter exclusively for the determination of the trial court. Mar Gong v. Brownell, 9 Cir., 209 F.2d 448; Chow Sing v. Brownell, 9 Cir., 217 F.2d 140; Law Don Shew v. Dulles, 9 Cir., 217 F.2d 146; Wong Ken Foon v. Brownell, 9 Cir., 218 F.2d 444; Lew Wah Fook v. Brownell, 9 Cir., 218 F.2d 924.

Appellants specify as error the court's admission in evidence over their objection of certain documents taken from the appellant Ng Kwock Jom's passport application proceedings. These were offered by the defendant for the purpose of showing prior statements which contradicted some of this appellant's testimony in the court below and for the purpose of impeaching that testimony. Appellant asserts that the exhibit contained other prejudicial information which was improperly examined by the court.

We think that in any event the admission of this record was not prejudicial to the appellants. Yee Shew v. Brownell, 9 Cir., 219 F.2d 301, 302.

The judgment, in addition to determining that the appellants were not citizens or nationals of the United States, provided for the cancellation of their bonds and directed that each of the appellants be deported to China. The inclusion in the judgment of these provisions relating to the bonds and to the deportation is assigned as error. We think that these were not matters in issue before the trial court and that it was inappropriate to include them in the judgment.

The judgment is modified by eliminating therefrom the provisions for the cancellation of the bonds and for the deportation of plaintiffs to China, and so modified, the judgment is affirmed.