**WONG GONG FAY, Appellant,**

v.

**Herbert W. BROWNELL, Jr., Attorney General of the United States, Appellee.**

**No. 13970.**

United States Court of Appeals
Ninth Circuit.

July 20, 1955.

Simon S. Cohen, U. S. Atty. for Dist. of Conn., Hartford, Conn., and Francis J. McNamara, Jr., Asst. U. S. Atty., New Haven, Conn., for plaintiff-appellee.

Hayden C. Covington, Brooklyn, N. Y., for defendant-appellant.

Before CLARK, Chief Judge, and MEDINA and HINCKS, Circuit Judges.

Salvatore C. J. Fusco, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., Milton T. Simmons, District Counsel, Immigration & Naturalization Service, San Francisco, Cal., for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

PER CURIAM.

Appellant brought an action in the District Court of the Northern District of California, Southern Division, seeking a judgment declaring him to be a national of the United States.

After trial duly had the District Court denied Appellant the relief prayed for and made a finding of fact reading as follows:

"That the person who calls himself Wong Gong Fay and who claims to be the son of Wong Hie has failed to introduce evidence of sufficient clarity to satisfy or convince this court that Wong Hie is the natural blood father of the person Wong Gong Fay, or that he was born at the time and place claimed, or that the person who appeared before this court claiming to be Wong Gong Fay is in truth and in fact Wong Gong Fay."

This finding is in identical language (save and except the name of the Appellant) with the findings made in the case of Ly Shew v. Dulles, 9 Cir., 219 F.2d 413 and Chow Sing v. Brownell, 9 Cir., 217 F.2d 140.

In Ly Shew and Chow Sing this Court held that it appeared that the District Court proceeded on the theory that the burden of proof resting on the appellants in those cases "was different from and heavier than the ordinary burden of proof resting on plaintiffs in civil actions —a theory which was and is untenable." In the said cases the judgments were vacated and the cases remanded with instructions to make findings in the light of the opinions of this Court in said cases.

The judgment in the Ly Shew case was rendered February 18, 1953 and in the Chow Sing case on February 19, 1953— and the judgment in the instant case was rendered May 22, 1953. No action had been taken by this court relative to the Ly Shew and Chow Sing cases at that time. Hence we are persuaded that the District Court applied, in the instant case, the standard of proof which had been held to be necessary in other cases decided in the same court.

On authority of Ly Shew and Chow Sing the judgment in the instant case is vacated and the cause remanded with directions to make findings as to whether Wong Hie is the father of Wong Gong Fay, such findings to be made in the light of the decisions of this court, supra, and thereupon enter such judgment as may be proper.