**NG YIP YEE, Appellant,**

v.

**Bruce G. BARBER, District Director Immigration and Naturalization Service, Appellee.**

**No. 14586.**

United States Court of Appeals
Ninth Circuit.

Sept. 8, 1955.

Salvatore C. J. Fusco, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE, Circuit Judge, and JAMES M. CARTER, District Judge.

DENMAN, Chief Judge.

This is an appeal from a decision of the district court in a habeas corpus proceeding in which appellant, the applicant for the writ, sought to have set aside the decision of the Immigration and Naturalization Service that he is not a citizen of the United States. Inter alia, is the contention that the special inquiry officer applied the wrong burden of proof.

■ The special inquiry officer's burden of proof as stated by him is: "The rule is that the proof of alleged citizenship must be clear and convincing, Lee Sim v. United States, 2 Cir., 1918, 218 F. 432, 435; Ex parte Chin Him, D.C. W.D.N.Y.1915, 227 F. [131] 133. Since I find the evidence presented in support of the applicant's cause to be neither satisfactory, nor clear, nor convincing, he has not sustained his burden of proof and his application for admission should be denied. * * *"

The special inquiry officer's decision if in favor of the applicant is final, the Immigration Service having no right to appeal to the Board of Immigration Appeals. 8 U.S.C.A. § 1226(c). If adverse to the applicant he may appeal, § 1226 (b), and make an oral argument on the legality of the special inquiry officer's decision, § 6.1(e) of Title 8 of the Code of Federal Regulations providing that:

"(e) *Oral argument.* Oral argument shall be heard by the Board upon request, in any case over which the Board acquires jurisdiction by appeal or certification as provided in this part. If an appeal has been taken, request for oral argument if desired shall be included in the Notice of Appeal. * * *"

That the wrong burden of proof was applied was held in Mar Gong v. Brownell, 9 Cir., 209 F.2d 448, a decision before the instant decision of the Board of Immigration Appeals. We there held, 209 F.2d at page 453, that "no special quantum of proof should be exacted from any person claiming American citizenship merely because of his racial origin. In Kwock Jan Fat v. White, 253 U.S. 454, 464, 40 S.Ct. 566, 570, 64 L.Ed. 1010, the Supreme Court, reversing this court, said: 'It is better that many Chinese immigrants should be improperly admitted than that one natural born citizen of the United States should be permanently excluded from his country.' " This is followed by our similar holding in Ly Shew v. Dulles, 9 Cir., 219 F.2d 413, 416.

■ Although much of the testimony was viva voce and heard by the special inquiry officer, the Board treated the hearing of the appeal as a trial de novo and reappraised the evidence adversely to appellant. Instead, it should have returned the case to the special inquiry officer who heard these witnesses for his appraisal of the evidence applying the ordinary burden of proof.

Appellant further contends that because in an administrative proceeding to procure a passport before the United States Consul General in Canton, China, the question was raised as to his citizenship and decided by the Consul in his favor and the passport issued, the burden is on the Immigration authorities to show he is not a citizen by clear and convincing evidence. The Immigration and Nationality Act of 1952 provides that "Whenever any person * * * makes application for admission * * * *the burden of proof shall be upon such person* to establish that he * * * is not subject to exclusion under any provision of this chapter * * *." 8 U.S.C.A. § 1361. Ng Yip Yee was excluded under §§ 1181(a) (1), 1182(a) (20) of the same chapter.

Appellant also contends that the special inquiry officer showed prejudice by his statements concerning the large number of claims proved fraudulent in Chinese citizen cases, and that he adversely overvalued mere minor inconsistencies in the testimony. We have no doubt that on the hearing the special inquiry officer will consider what we have held on these contentions in Mar Gong v. Dulles, supra.

The decision is reversed, the appellant is entitled to a rehearing before the special inquiry officer, the latter ordered to grant it and the writ of habeas corpus is granted for that purpose.