**WONG GONG FAY, Appellant,**

v.

**Herbert W. BROWNELL, Jr., Attorney General of the United States, Appellee.**

**No. 15002.**

United States Court of Appeals Ninth Circuit.

Oct. 31, 1956.

Rehearing Denied Dec. 12, 1956.

Salvatore C. J. Fusco, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS, CHAMBERS and BARNES, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant, Wong Gong Fay, in October, 1951, brought an action in the District Court seeking a judgment declaring him to be a national of the United States. Upon trial the District Court denied plaintiff-appellant relief upon grounds that this court, following its own cases of Ly Shew v. Dulles, 9 Cir., 219 F.2d 413, and Chow Sing v. Brownell, 9 Cir., 217 F.2d 140, held to be not the correct standard of proof. We, therefore, vacated the judgment "with directions to make findings as to whether Wong Hie is the father of Wong Gong Fay, such findings to be made in the light of the decisions of this court, supra, and thereupon enter such judgment as may be proper." Wong Gong Fay v. Brownell, 9 Cir., 224 F.2d 717, 718.

The district judge upon return of our mandate made new findings of fact and conclusions of law in which was stated that *originally* the District Court had found upon the ordinary burden of proof of plaintiffs in civil actions, that Wong Gong Fay was not entitled to the relief requested. The trial judge further found that he adhered to his original view but in accordance with the mandate of this

1

court he would make new findings. The trial judge accordingly made findings that Wong Gong Fay is not the son of Wong Hie and that Wong Gong Fay is not a citizen or national of the United States. From the judgment subsequently entered this appeal is taken.

### The Appeal

Appellant here argues for a reversal on several grounds but resolved into their basics they are as follows:

(A) The District Court after remand by this court did not apply the correct burden of proof.

(B) The District Court erred in holding that Wong Gong Fay had not maintained his burden of proof that he was the son of Wong Hie.

### Standard of Proof

We find against the claim that the District Court did not apply the "ordinary burden of proof resting on plaintiffs in civil actions".

### Burden of Proof

Persons who claimed to be Wong Gong Fay and Wong Hie testified. Wong Hie claimed to have been born in the United States on February 26, or 28, 1901; he claimed to have lived in the United States over 50 years but could not speak enough English to testify without an interpreter. He claimed to have departed the United States for China December 17, 1924, and to have returned on December 15, 1926. He claimed he was married in China on February 2, 1925, and a child of that marriage was born May 15, 1926. Wong Hie stated that he did not see the child until 1951 when a person claiming to be Wong Gong Fay arrived in the United States.

Appellant argues that the trial judge arbitrarily disregarded the supposedly unimpeached testimony of Wong Gong Fay, the alleged son, and Wong Hie, the alleged father. Appellant also argues that the trial court disregarded the exhibits introduced by appellant.

The trial judge stated that he did not believe the testimony of the two witnesses and thought that their story was a fabrication. This court recently stated in Yip Mie Jork v. John Foster Dulles, 9 Cir., 237 F.2d 383, 385, a case similar to the instant case that:

> "A court may reject evidence, but it may not do so arbitrarily. This court has on numerous occasions held that the trier of fact need not accept uncontradicted testimony when good reasons appear for rejecting it, such as interest of the witness, and improbabilities and important discrepancies in the testimony. However, when uncontradicted testimony has been rejected without good reason, we have reversed. [Citing cases.]"

We have closely examined the transcript of record and find several discrepancies in the testimony given by the alleged father Wong Hie. School report cards bearing appellant's name were introduced as evidence by appellant and Wong Hie claimed that the report cards were sent to him from China. Wong Hie in answer to a question put to him by the Assistant United States Attorney as to *when* Wong Hie received the school report cards replied:

> "These were sent to me individually year after year while the boy was attending school."

Later in the trial on cross examination Wong Hie admitted that the school report cards were all received *at one time* sometime in 1951.

Wong Hie's income tax returns for the years 1942 and 1943 were also placed in evidence. On the returns he had claimed a deduction for two sons. He claimed that he sent money to China in 1942 but when asked for receipts for the money sent in 1942 he replied:

> "At that time I couldn't send any money because it was war time."

> \* \* \* \* \* \*

> "It was because of the war. I cannot send money there then, and therefore I did not send any".

It is evident that because of these inconsistencies, and others which we here need not mention, the trial judge could properly, within the scope of his discretion discount the effect of Wong Hie's testimony.

Judgment affirmed.