LAU AH YEW, Appellant,

v.

John Foster DULLES, Secretary of State of the United States of America, Appellee.

No. 15768.

United States Court of Appeals Ninth Circuit.

June 25, 1958.

See also 236 F.2d 415.

N. W. Y. Char, Honolulu, Hawaii, William J. Gintjee, San Francisco, Cal., for appellant.

Louis B. Blissard, U. S. Atty., Charles B. Dwight, III, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before MATHEWS, POPE, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

Seeking a judicial declaration that he is a national of the United States, Lau Ah Yew brought this action pursuant to § 503 of the Nationality Act of 1940.[1] The Government answered, denying the basic allegations of the complaint, and advancing additional defenses. After a trial without a jury, judgment was entered for the Government. Lau Ah Yew appeals.

The first question presented is whether, in finding that appellant had not proved his case, the trial court applied the correct standard of proof.

Contending that an incorrect standard of proof was applied, appellant points to language used in the decision orally announced from the bench. The trial court there said that this is an "exclusion" case. Appellant argues that the standard of proof required of a plaintiff in an exclusion case is to show "without doubt" that he is a citizen, and that this is a heavier burden than a plaintiff must carry in a case of the kind now before us.

The trial court referred to this as an "exclusion" case only for the purpose of indicating that, unlike deportation cases, the person claiming citizenship here has the burden of proof.[2] The court was

---

1. Formerly 8 U.S.C.A. § 903. The subject-matter of § 503 of the 1940 act is now covered by § 360 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1503. Appellant was enabled to bring this action under the more liberal provisions of the 1940 act because of the saving clause (§ 405) contained in the 1952 act. See 8 U.S.C.A. § 1101, historical note; Louie Hoy Gay v. Dulles, 9 Cir., 248 F.2d 421, 423.

2. The trial court's complete statement on this matter was as follows:

"It is very dubious here as to whether or not there has been adequate proof of any denial of a right or privilege claimed on the basis of American citizenship.

Additionally, there has been a complete failure of proof, and the burden of proving American citizenship by a preponderance of the credible evidence is upon the plaintiff.

"This is not a deportation case. It was not an instance of one claiming to be a citizen of the United States being faced with possible ejectment from the country. Rather, this is an instance of one knocking at the door seeking to enter what he claims to be his home on the basis of being an American citizen. Thus it is an exclusion case, and the rules applicable to the exclusion cases are far different than those applicable to a deportation case.

not there speaking of the standard of proof to be applied.

 In order to prevail, appellant was required to maintain the ordinary burden of proof resting on plaintiffs in civil actions. Wong Gong Fay v. Brownell, 9 Cir., 238 F.2d 1. He was thus required to establish his citizenship by a fair preponderance of the evidence. That the trial court understood this to be the rule is indicated by its statement in the oral decision that " * * * the burden of proving American citizenship by a preponderance of the credible evidence is upon the plaintiff." [3]

 We hold that the trial court applied the correct standard of proof.

The second and final question presented is whether, having regard for the required standard of proof, the decisive findings of fact in favor of the Government are clearly erroneous.

Appellant claims, and produced testimony tending to prove, that he was born in Honolulu, Republic of Hawaii, on February 1, 1897, the son of Lau Sing; that he went to China with his father later that year; that he returned to Honolulu in 1915, and was admitted as a United States citizen; and that he went to Hong Kong in 1947 on a Chinese passport, a passport of the United States having been denied to him.

In order to prevail in this case, it was therefore necessary for appellant to prove, among other things, that he is the person who was admitted in 1915. The evidence offered in proof of this essential allegation consisted of the deposition of appellant, the testimony of his attorney, and certain exhibits.

The trial court found, however, that "the evidence presented by the Plaintiff is not worthy of belief." More specifically, the court found that "there is no

evidence worthy of belief that substantiates the identity of the plaintiff as the person admitted to the United States in 1915."

 The trier of fact need not accept uncontradicted testimony when good reasons appear for rejecting it. Whether there was good reason for rejecting uncontradicted testimony is a proper subject of inquiry in this court. Wong Gong Fay v. Brownell, 9 Cir., 238 F.2d 1. Among reasons which have been accepted as sufficient for the rejection of such testimony are the interest of the witnesses, improbability, and important discrepancies in the testimony. Yip Mie Jork v. Dulles, 9 Cir., 237 F.2d 383, 385.

Appellant's attorney testified that when he saw appellant in Hong Kong in August, 1955, appellant introduced himself as Lau Ah Yew, and "seemed to recognize me at that time as W. Y. Char, an attorney from Honolulu." This witness further testified that the photographs which were part of certain documents prepared in earlier years for Lau Ah Yew were good likenesses of appellant. Char stated that he had no independent recollection of appellant prior to the time he met him in August, 1955.

 It is usually inappropriate for an attorney connected with the trial of a case to testify in behalf of his client. He should ordinarily withdraw before becoming a witness. See Canon 19, Canons of Professional Ethics, American Bar Association; Drinker, Legal Ethics (Columbia University Press, 1953) Appendix C, p. 309. It is true that the professional relationship of such a witness does not affect his competency. Sears, Roebuck & Co. v. American Plumbing & Supply Co., D.C., 19 F.R.D. 329, 332. However, an attorney who assumes the burden of a witness while representing his client in a lawsuit does so at a very

---

"Having this burden of proof, the plaintiff must discharge it by, as I have mentioned, tendering credible evidence. Here I do not find the evidence tendered by the plaintiff to be worthy of belief. * * "

3. In view of what has been said, we are not called upon to determine the standard

of proof to be applied in exclusion cases. It may be said, however, that Wong Choy v. Haff, 9 Cir., 83 F.2d 983, does not hold, as appellant argues, that in an exclusion case the plaintiff alien has the burden of showing "without doubt" that he is a citizen of this country.

great detriment to the credibility of his testimony. Crescio v. Crescio, 365 Ill. 393, 6 N.E.2d 628. See, also, In re Comegys' Estate, 204 Or. 512, 284 P.2d 758; Levas v. Dewey, 33 Wash.2d 232, 205 P.2d 356, 213 P.2d 933; In re Torstensen's Estate, 28 Wash.2d 837, 184 P.2d 255. Char's testimony, which had little substance to begin with, was thus justifiably discounted by the trial court.

In his deposition, appellant asserted that he was the person who returned from China to Honolulu in 1915.

The credibility of his testimony is affected not only by his interest in the case, but because of several important discrepancies in his deposition and the exhibits. Perhaps the most significant of these discrepancies concerns the testimony by the appellant in his deposition at the 1957 hearing, that his father died when he was one year old, which would be in 1898 or 1899. The person who was admitted in 1915 testified at the 1915 hearing that his father, Lau Sing, was then living in China. Two witnesses for this person testified at the 1915 hearing that they had seen Lau Sing in China in 1913, and two witnesses testified that Lau Sing was still living in China in 1915.

The person admitted in 1915 also testified that his father often told him that he was born in the Hawaiian Islands. He testified that he was told this first when he was four or five years old, and "after that my father often told me so." Appellant stated at the 1957 hearing that he did not know whether his father ever informed him where and when he was born because "I was too young at that time."

For the reasons indicated, we hold that the trial court did not err in rejecting appellant's testimony. Without it, the court was warranted in concluding that appellant failed to prove his case by a fair preponderance of the evidence. The findings of fact adverse to appellant are not clearly erroneous.

Affirmed.