**NG YIP YEE, Appellant,**

v.

**Bruce G. BARBER, District Director of Immigration and Naturalization, Appellee.**

No. 15735.

United States Court of Appeals
Ninth Circuit.
Feb. 26, 1959.

3. Turner Construction Co. v. Houlihan, 1 Cir., 240 F.2d 435; Willits v. Yellow Cab Co., 7 Cir., 214 F.2d 612.

Salvatore C. J. Fusco, San Francisco, Cal., for appellant.

Robert H. Schnacke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before FEE, HAMLEY and JERTBERG, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This is the last of a series of appeals to this Court by Ng Yip Yee, a Chinese who has been consistently refused admission to the United States. The grounds have always been that Ng Yip Yee has not proven that he is a national of this country.

The history of these proceedings is instructive. The American Consulate at Hong Kong issued a passport to Ng Yip Yee on July 1, 1953. Although the Secretary of State revoked and invalidated this passport by order of August 20, 1953, Ng Yip Yee arrived in San Francisco on August 27, 1953. He was immediately detained by the District Director and held for presentation before a Special Hearing Officer. A hearing was commenced on September 17, 1953. Prior thereto Ng Yip Yee filed a petition for a writ of habeas corpus on the ground that the Secretary of State had made a determination

by issuing a passport to him and that the District Director had no power to detain him. The District Court denied the writ and dismissed the petition. The appeal was dismissed on the ground that the action was premature. Ng Yip Yee v. Barber, 9 Cir., 210 F.2d 613.

After the dismissal of the appeal, the administrative proceedings were completed. The Special Inquiry Officer decided that Ng Yip Yee had not proved that he was the son of Ng Ah Saw, who was a citizen.

On appeal the Board of Immigration Appeals treated the matter as a hearing de novo and reappraised the evidence adversely to Ng Yip Yee. This resulted in an affirmance of the finding of the Special Inquiry Officer that Ng Yip Yee was not a national of the United States and therefore had no right to remain here.

A petition for a writ of habeas corpus was presented to the District Court, which denied the writ and dismissed the petition. On appeal to this Court, the decision was reversed upon the grounds that the Special Inquiry Officer applied the wrong burden of proof and that the Board of Immigration Appeals erred in trying the cause de novo, since the case should have been returned to the Special Inquiry Officer who had heard the witnesses for his appraisal of the evidence and application of the ordinary burden of proof. Ng Yip Yee v. Barber, 9 Cir., 225 F.2d 707, 708. The writ of habeas corpus was granted and the case remanded to the Special Hearing Officer for this purpose.

The foundation of the present appeal was thus laid. Pursuant to the mandate of this Court, the Special Hearing Officer had a rehearing at which he reappraised the testimony and other evidence which had theretofore been presented to him. He heard no new evidence. He thereupon announced a decision adverse to Ng Yip Yee, which was arrived at by applying the ordinary burden of proof in accordance with the direction of this Court. Thereupon, Ng Yip Yee was ordered excluded. An appeal to the Board of Immigration Appeals was dismissed. .

Ng Yip Yee then filed a petition for review of the administrative proceeding. The District Court approved these proceedings and the order based thereon. This appeal followed.

There are two points here for consideration. First, it must be considered whether the mandate of this Court was carried out when the Special Hearing Officer reconsidered the evidence and did not reopen the hearing for further evidence. Second, it must be determined whether the Special Hearing Officer was bound to find in favor of Ng Yip Yee upon such reconsideration.

■ As to the first point, the opinion of this Court on the prior appeal criticized the holding of the Special Hearing Officer that "the evidence" presented by Ng Yip Yee was neither satisfactory, nor clear, nor convincing, and that therefore the burden incumbent upon petitioner was not sustained. This Court held that the Board of Immigration Appeals "should have returned the case to the special inquiry officer who heard these witnesses for his appraisal of the evidence applying the ordinary burden of proof." This Court held Ng Yip Yee was therefore "entitled to a rehearing before the special inquiry officer, the latter ordered to grant it." It is clear that the Special Hearing Officer was simply directed to reappraise the testimony and other evidence which had already been introduced before him in the new administrative hearing.

■ Second, this Court had power to direct the District Court what rule of law to apply as to the burden of proof, but no competency to decide the case. The administrative finding of fact was conclusive if arrived at under the proper rules of law. Indeed, this Court would not accept the finding of an appellate administrative board upon the facts, but required that finding to be made by the officer who heard the witnesses. Even if we had power, it would be utterly inconsistent for us to say that the appellate administrative board had no authority to determine the facts but that we have the right

to dictate the findings of fact which are to be recorded by the hearing officer.

■ No further elaboration is necessary. Our cases in this field are consistent. In Mar Gong v. Brownell, 9 Cir., 209 F.2d 448, 453, this Court held that the District Court in that case [Mar Gong v. McGranery, D.C., 109 F.Supp. 821] had taken cognizance of many factors in other cases which were not reflected in the record of the particular cause before it and remanded the case with directions to make findings "in the light of what is said in this opinion." This Court clearly recognized the fact that the trial court was not required to accept testimony which it did not believe, even if uncontradicted. But the trial court felt constrained to enter findings and judgment for plaintiff.

In Ly Shew v. Acheson, D.C., 110 F. Supp. 50, the trial court held that the burden upon such a claimant was heavier than the regular burden. This Court reversed with directions to make findings in the light of that opinion, holding that the burden of proof upon the claimants was the ordinary one. Ly Shew v. Dulles, 9. Cir., 219 F.2d 413. The trial court reheard the matter and issued findings that the claimants had not sustained the ordinary burden of proof and found for the defendant. Upon appeal, this Court first attempted to substitute its judgment of evidence for that of the trial court and to direct findings be made for the appellant. This opinion was withdrawn, and the appeal was dismissed on November 16, 1956, No. 14,768. Appellant there had confessed fraud as to the claim prior to the announcement of the last opinion.

In Chow Sing v. Brownell, 9 Cir., 217 F.2d 140, a judgment against a similar claimant was reversed because an improper burden of proof had been required. The District Court re-examined the matter and again held against the claimant, although applying the burden as directed. Upon appeal from this finding, the judgment was affirmed. A like reversal by this Court in Lee Shew v. Brownell, 9 Cir., 219 F.2d 301, was followed by a re-examination by the District Court, which again entered judgment against claimant. No appeal was taken from the second judgment.

A reversal on like grounds in Wong Gong Fay v. Brownell, 9 Cir., 224 F.2d 717, resulted in remand. The District Court applied the ordinary burden and entered findings and judgment against the claimant. This last judgment was affirmed by this Court. 238 F.2d 1.

■■ This Court has no power to direct the District Court as to what findings should be made in a particular case, and can only set aside those made if clearly erroneous. Under all the principles of administrative review, it has no authority to refind the facts which have been established by an administrative body, much less to direct the agency or a hearing officer as to what facts must be found. Undoubtedly, however, a court may vacate the findings of an administrative body, if not supported by the evidence or if upon the record as a whole it appears that a mistake has been made. But no such situation now exists in the case at bar.

■ The District Judge in this case found that "no new or additional evidence was produced at the reopened hearing, although opportunity for the reception of such evidence was afforded." Counsel for appellant instead filed an affidavit charging prejudice of the Special Inquiry Officer. The District Court found affirmatively that there was no such prejudice. There is no ground to overturn these findings.

Affirmed.